## H. W. HOYE v. NEWTON LUMBER & MANUFACTURING COMPANY.

[54 South. 839.]

BOOKS OF ACCOUNT. *Secondary Evidence. Witness.*

In a suit upon a verified itemized account where the only question involved was one of overcharge and the items themselves as shown on the copy of the account sued on were not denied in the counter affidavit, it is stil true that the question of overcharge involved the books of account and the books themselves are the best evidence and it was reversible error to allow a witness to use the itemized account to refresh his memory and testify that it was a copy of the books when it was not shown that the books themselves were correct.

APPEAL from the circuit court of Newton county.

HON. C. L. DOBBS, Judge.

Suit by Newton Lumber & Manufacturing Company against H. W. Hoye. From a judgment for plaintiff, defendant appeals.

This suit is based upon various items of lumber sold by the plaintiff to the defendant and an itemized account is sworn to; the trial having been commenced in the court of a justice of the peace. There was a counter affidavit denying liability, and setting up certain erroneous items and overcharges. On the trial in the circuit court, the books of the plaintiff were not produced; but W. A. Brown, the manager, took the stand and testified as to the correctness of the items shown by the account. He used the sworn itemized account in his testimony to refresh his memory (as is contended), and testified that each item was correct. He testified that he did not know of his own knowledge that the account was correct, as he did not keep the books, but that the account was a copy from the books, and that he knew it was correct, because he knew the books were correct, and that he had

compared the copy with the original account on the books. This testimony was allowed to go to the jury over objection of the defendant, and from a judgment against him this appeal is taken.

*W. I. Munn,* for appellant.

The testimony here clearly shows that the books of the plaintiff were not introduced in evidence on the trial of this case and that the court permitted the witness for the plaintiff, Mr. W. A. Brown, who was manager of said Newton Lumber & Manufacturing Company to testify as to the correctness of said account by referring to the transcript of the account sued upon and as shown by the sworn itemized account in this case filed by the plaintiff. To this testimony the defendant objected. The undisputed testimony further shows in this case that the witness W. A. Brown, for the plaintiff, could not of his own knowledge testify as to the correctness of the account sued upon and all that he knew about it was that the account sued upon was a true and correct copy of the books of the Newton Lumber & Manufacturing Company. Our contention is that the testimony of the witness, W. A. Brown, is entirely incompetent as it is secondary evidence. *John L. Dyson, Administrator,* v. *J. J. Baker et al.; Chas. A. Pipes et al.* v. *E. E. Norton,* 47 Miss. 61; *Moody* v. *Roberts & Co.,* 41 Miss. 75; *Hazlip* v. *Leggett,* 6 S. & M. 326; *Simmons* v. *Means,* 8 S. & M. 397; *Moore* v. *Joyes,* 23 Miss. 584, 47 So. Rep. 644, 48 So. Rep.; 5 Best and Secondary Evidence, No. 164; *Vaughan's Seed Store* v. *Stringfellow* (Fla.), 410, 46 So. Rep. 1078; *Alabama Iron Co.* v. *Smith* (Ala.), 475; Mississippi Digest, p. 499; Book of Accounts; *Pipes* v. *Norton,* 47 Miss. 61; *Dyson* v. *Baker,* 54 Miss. 24; *Meridian Fertilizer Factory* v. *Edwards,* 27 So. 645, 77 Miss. 697.

*J. R. Rowzee,* for appellee.

We submit that the sole question before this court is whether the testimony of W. A. Brown, was competent. If this court, after taking in consideration the circumstances. of this case, decide that the testimony of W. A. Brown is relevant then the appellees must prevail.

We think the learned counsel for plaintiff in the very statement of the case, put himself out of court, that is he fails to bring himself within the principles he is seeking to invoke. He admits that Mr. Brown was not testifying that the books showed the account to be correct, but that he, with his recollection refreshed, knew from personal acquaintance with the transaction that the account was correct and due. It was for the jury to say whether they would believe Mr. Brown's testimony, and as they did believe it this court should not disturb their finding.

We submit that the duties of Mr. Brown as manager of plaintiff's business brought him in actual contact with this transaction; and the undisputed testimony shows that he fixed the price on each and every article sold to defendant. Mr. Brown states in his testimony that he was testifying from his recollection of the transaction as it occurred. In. view of these facts, we think the testimony of W. A. Brown was competent. We submit that it was proper for witness to use sworn-to itemized account (the same being in evidence) to refresh his memory as to the original transaction to which he was a party.

We think. the case of *Alabama & Vicksburg Railway Company* v. *Sol Fried Co.,* reported in 33 So. Rep. at page 74, is in point and settled the question involved here.

Argued orally by *Chalmers Alexander,* for appellant, and *J. R. Rowzee,* for appellee.

MAYES, C. J., delivered the opinion of the court.

The testimony of Brown as to what the books showed was clearly incompetent in this case, and should have been excluded. The best evidence was the books, and they should have been produced. If it be true that the only question involved was one of overcharge, and that the items themselves, as shown on the copy of the account sued on, were not denied in the counter affidavit, it is still true that the question of overcharge involved the books, since the copy of the account showed the price per thousand charged for the lumber, and this was denied. If the books had been produced, we cannot say that the contention of appellant that the rate charged for the lumber would not have been shown to be as claimed in the counter affidavit. The proof of the account depended upon the books, and the books should have been produced.       *Reversed and remanded.*