FATHERREE *et al. v.* GRIFFIN.*

(Division B.   March 18, 1929.)

[121 So. 119.   No. 27560.]

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 710, p. 188, n. 87; Evidence, 22CJ, section 1240, p. 989, n. 46; Trial, 38Cyc, p. 1517, n. 62.

*Hal F. Case, J. D. Fatheree* and *J. L. Adams*, for appellants.

*Stevens & Heidelberg* and *D. W. Heidelberg,* for appellee.

GRIFFITH, J. Appellants sued appellee on an open account for lumber sold and delivered; the deliveries covering a period of some five or six months. The sworn account exhibited with the declaration was not sufficiently itemized, and, on motion, a bill of particulars was ordered and was filed. To this sworn bill of particulars the defendant filed his counter-affidavit, the material part of the language of which is as follows: "That each and every item on both of said accounts shown as charges against this defendant are incorrect."

The counter-affidavit does not particularize wherein the sworn account is not correct, and appellants contend that it is therefore not a compliance with section 1978, Code 1906, and that for that reason they were entitled to judgment. Conceding, but not deciding, that the point

would have been well taken, it was not made in the trial court. On the contrary, appellants proceeded in the trial court as if the counter-affidavit were sufficient. It is settled by the cases *Bloom* v. *McGrath & Compton,* 53 Miss. at page 256, and *Covel* v. *Smith,* 68 Miss. at page 297, 8 So. 850, that it is too late after trial or after having practically completed the trial to raise this question, even where there is no counter-affidavit at all. It is a general rule of practice in all courts that, as to amendable defects or omissions in the pleadings and proceedings, there is a waiver, unless, in some appropriate form, objection be taken in time for the amendment to be made.

Several witnesses were introduced by appellants to sustain the affirmative of the issues, but, with one exception, none of them knew more in substantial accuracy than the fact that, at divers times, lumber had been delivered, but as to how much lumber or how much paid, they could give no definite data. The other witness, Mr. Fatherree, did know definitely about the two largest items in the account, but as to those there were admitted credits exceeding them in amount. As to all, or practically all, the remaining items, Mr. Fatherree candidly admitted that, apart from the itemized account, he had no dependable recollection concerning them, but asserted that he was justified in testifying that the said remaining items were correct because he had assisted in making up the itemized account from the original records. Counsel for appellee objected to this testimony, and continued to object and to call for the original records, which records, although admitted to be in existence and available, were never produced. We have a case therefore exactly in point with *Hoye* v. *Lbr. Co.,* 99 Miss. 229, 54 So. 839, wherein there was involved a sworn itemized account for lumber sold, and the plaintiff's manager, without producing the books, testified that the account was copied from the books, and that he knew it was correct, because he had compared them. The court said:

"The testimony of Brown as to what the books showed was clearly incompetent in this case. . . . The best evidence was the books, and they should have been produced."

Appellants argue however, that the testimony "tended to prove" the issues, and that therefore a peremptory instruction was improper. The use of the term "tends to prove" does not contemplate or recognize conjecture. When testimony is being offered and is being justified on the ground that it tends to prove the particular ultimate fact in issue, it must be evidence which proximately relates to that fact and has a logical and reasonable tendency to prove it, or which naturally progresses or moves in the direction of proving the said ultimate particular fact. And, when the taking of testimony is finished, then what is meant to be included by the phrase "tends to prove" are those logical deductions and reasonable inferences to be drawn from the relevant facts proved, which deductions and inferences, when allowed their full permissible operation, lead to, and establish, the particular ultimate fact in issue. But manifestly these deductions and inferences must have a basis in competent evidence, else there would be allowed to stand that which has nothing whereon to stand.

*Affirmed.*