530

410 P.2d 487

**STATE of Arizona, Appellee,**

v.

**Jack William STOKES, Appellant.**

**I CA–CR 50.**

Court of Appeals of Arizona.

Jan. 28, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Locklear & Wolfinger, by Harold J. Wolfinger, Prescott, for appellant.

STEVENS, Chief Judge.

The issues presented to this Court relate to claimed error in denying a motion to suppress evidence and in overruling an objection to the receipt of the same offending article in evidence at the trial. The procedures on the motion to suppress were conducted prior to the formal trial. The judge who presided at the trial conducted the hearing on the motion to suppress. We have before us the reporter's transcript of the hearing on the motion to suppress. The attorneys agree that a timely objection was made to the receipt of the exhibit in evidence at the trial and that both rulings are before this Court for review.

On 3 March 1965, an information was filed charging the defendant with the crime of burglary in the first degree, a felony, which offense is alleged to have been committed in Yavapai County on 18 October 1964. The jury trial resulted in a verdict of guilty of burglary in the second degree and the defendant was adjudged guilty and sentenced to confinement in

the Arizona State Prison. A timely appeal was taken.

On 2 February 1965, Sgt. Dees of the Maricopa County Sheriff's Office secured a search warrant from a Maricopa County justice of the peace. The defendant herein was named as the defendant. The address set forth was a Maricopa County address. The residence was one occupied by the defendant's mother with whom the defendant and his brother resided. Six items of clothing were adequately described. No issue is before us as to the validity of the search warrant. On the same day Sgt. Dees, accompanied by two local city police officers called at the residence in question, the defendant was not there, identified themselves and their business and they were admitted to the residence by the defendant's brother who was then 16 years of age and who shortly thereafter became 17 years of age. The three officers made a thorough search for the clothing specified in the search warrant. None was found. Sgt. Dees as a part of the background in relation to the information upon which he based his application for the search warrant, had talked about the defendant's activities with another person in custody, and from this person he suspected that the defendant might be a participant in other crimes relating to property. Small arms and other items of personal property were in plain view and even though these were not specified in the search warrant they were inspected, descriptions taken and where possible, serial numbers recorded. One of the items which was in plain view was a portable radio, this being the item which was the object of the motion to suppress. There was some conflict in the testimony relative to the search, the thoroughness of the search and the areas of the house or the contents thereof which were searched. This conflict was resolved by the trial judge in favor of the State and we view the evidence in the light which will support the trial court's ruling.

In relation to the radio, the brother told the officers that he owned the radio, and that it was a gift to him from the defendant. The officers asked for and were granted permission by the brother to remove the radio from the premises for inspection. There was a conflict in the evidence relative to the advice which the officers gave to the brother concerning his right to refuse to give them permission to remove and inspect the radio. The radio was removed, it was examined, and on the following day it was returned to the residence of the defendant.

Sgt. Dees thereafter communicated with the office of the Sheriff of Yavapai County and pursuant to that conversation, Deputy Sanders of Yavapai County came to Maricopa County. Together the two officers called upon the same justice of the peace and on 5 February a second search warrant was secured, this one describing the radio. There is no question raised as to the validity of this search warrant. The two officers went together to the Stokes residence, stated their business to the defendant's mother the defendant being absent, advised as to the fact of the warrant and while remaining on the porch outside the residence, they asked for the radio and the brother brought it to them.

At the time of the 2 February search of the premises, the officers lawfully entered the home. There was no attempt by a third person to waive any of the defendant's constitutional rights and the case of State v. Pina, 94 Ariz. 243, 383 P.2d 167 (1963) does not apply. In the case of State v. Kananen, 97 Ariz. 233, 399 P.2d 426 (1965), the Arizona Supreme Court quoted a New Jersey case with approval. The import of the quotation is that there may be some circumstances wherein the court will imply intimidation and duress in the securing of consent of a person not the defendant where that person is one of limited experience and limited knowledge in the field of constitutional rights. The transcript before us does not reflect a situation wherein this principle would be applicable.

■ The issue before us relates to the right of officers with a valid search warrant who have lawfully entered a dwelling to examine objects and record data as to objects not specified in the search warrant and the right of these officers with the permission of a claimed owner to remove, inspect and return objects not specified in the search warrant. The term "forbidden fruits" has not expressly been presented to us in connection with this appeal. It appears, however, that the "forbidden fruits" concept stated in Wong Sun v. U. S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), is sought to be applied. It is our opinion that the record supports the implied finding of the trial judge that the officers did not impose upon the brother and that there was an absence of actual or implied intimidation or duress. We express no opinion as to our decision had it been that the brother told the officers that the radio belonged to the defendant and that the brother thereafter gave permission to remove the same. That situation is not before us.

■ The evidence before the trial court does sustain an implied finding by the trial court that the officers were not overreaching in their search. The officers were legally within the premises and were engaged in a lawful though fruitless search. We are mindful that the constitutional prohibition relates to "unreasonable searches and seizures" and we hold that it was not unreasonable for the officers to look at, to make notes with reference to, and to record the serial numbers of other articles which came within their reasonable observation. This is especially true since the officers had reasonable grounds to believe that other stolen articles might be in the home. We limit our decision to the facts at hand.

The manner in which the radio was reduced to the possession of the officers on the 5th day of February supports an implied finding that the defendant's mother was informed as to the identity of the officers and the presence of the search warrant and that upon request being made, the radio which was described in the search warrant was surrendered to the officers.

It is our opinion that the order denying the motion to suppress and that the overruling of the objection to the introduction to the radio in evidence were not error.

The judgment and sentence are affirmed.

CAMERON and DONOFRIO, JJ., concur.