418 P.2d 576

**The STATE of Arizona, Appellee,**

v.

**Jerry Frank MAYNARD, Appellant.**

**No. 1483.**

Supreme Court of Arizona,
In Banc.

Oct. 6, 1966.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., for appellee.

Joe R. Glenn, Mesa, for appellant.

STRUCKMEYER, Chief Justice.

Appellant was convicted of grand theft, a felony, and appeals.

The single question presented is whether the trial judge should have instructed the jury, *sua sponte,* on the probative value of circumstantial evidence under these facts: On the 30th day of July, 1963, eighty sheets of plywood, 4' x 8' x ½", were delivered to the Sullivan Construction Co., Inc., at their open yard in Phoenix, Arizona. Each of the eighty sheets was valued at $3.52. That afternoon, appellant, together with one Price, was observed loading the plywood sheets into Price's 1963 Chevrolet ¾-ton pickup truck. The following morning, forty-two sheets were counted as missing.

The eyewitness, who saw appellant and Price loading the truck, testified that when he saw them, the truck was three-quarters loaded with sheets and that they were within one or two sheets from filling it up level with the side of the bed. At the trial, a police officer testified that, several days after appellant's arrest, he had a conversation with him and that appellant then stated the value of the stolen plywood was more than $100.

We said, in State v. Tigue, 95 Ariz. 45, 386 P.2d 402, that

" * * * the court on its own motion is under a duty to give proper instructions as to the effect of circumstantial evidence, *if the prosecution must rely exclusively on circumstantial evidence to convict.*" (Emphasis in original.)

See also State v. Daymus, 90 Ariz. 294, 367 P.2d 647.

But this is not a case where the prosecution relies exclusively on circumstantial evidence. There was direct evidence by an eyewitness who watched appellant commit the theft. Further, there was direct evidence from the statement by appellant to the police officer of the value of the stolen plywood.

"Direct evidence of the crime is the evidence of an eyewitness that it was committed. This includes, in criminal law, confessions and admissions of the accused * * *." 1 Underhill's Criminal Evidence, 5th Ed., p. 5.

Confessions and admissions of an accused are direct evidence rather than circumstantial evidence. State v. Tornquist, 254 Iowa 1135, 120 N.W.2d 483; State v. Criger, Mo. Sup., 46 S.W.2d 537; Fisher v. State, 154 Neb. 166, 47 N.W.2d 349; State v. Nortin, 170 Or. 296, 133 P.2d 252.

■ The trial court did not instruct the jury on circumstantial evidence but the failure to so instruct is not error unless requested before the jury retires. State v. Evans, 88 Ariz. 364, 356 P.2d 1106. The failure to instruct on the probative value of circumstantial evidence is not fundamental error since the prosecution did not rely exclusively thereon for conviction.

Judgment affirmed.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.