425 P.2d 127

The STATE of Arizona, Appellee,
v.
Arthur Robert VALENZUELA, Appellant.
No. 2 CA–CR 72.

Court of Appeals of Arizona.
March 14, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., Tucson, for appellee.

Anthony B. Ching, Tucson, for appellant.

KRUCKER, Judge.

On April 29, 1966, defendant, appellant herein, was tried before a jury and convicted on an indictment charging burglary, first degree, and on May 9, 1966, was sentenced to a term of not less than eight nor more than ten years in the Arizona State Prison. From this conviction, appeal is taken to this Court.

The basic facts are as follows: The defendant Valenzuela, a co-defendant, Robert Llongo Garcia, and several others, had spent the evening in a local tavern until closing hours, when they went to the home of a Mr. Gonzales, one of the men in the group, and continued drinking beer. The men decided they wanted some whisky, and Valenzuela said he knew where he could get some after hours. Valenzuela and Garcia left in Valenzuela's Thunderbird automobile.

The Park-N-Shop-Liquors located on South Sixth Avenue, Tucson, Pima County, Arizona, was broken into in the early hours of the morning of December 16, 1965, at about 1:20 A.M. A burglar alarm in the store went off at the time, and a police car cruising in the area heard the alarm and proceeded to the liquor store. The officer, upon arrival, caught a fleeting glimpse of a figure running away from the liquor store with two armloads of liquor bottles which were dropped on the ground. The officer was unable to identify the person who was fleeing and, when joined by other officers, searched the area and discovered the co-defendant Garcia hiding underneath the steps of an area in back of the liquor store, at which time he was arrested. A further search of the area disclosed a Thunderbird automobile parked some sixty yards from the liquor store, which was identified as belonging to the defendant Valenzuela. Defendant Valenzuela, in one-half hour to one hour, re-turned to the Gonzales home on foot. He told the other companions that Garcia had borrowed his automobile. Subsequently, defendant Valenzuela left for his home, where he was apprehended by the police. Valenzuela told the police that the Thunderbird car had been stolen. It had been raining all evening, and there were pools of water in a ditch near the liquor store, with some eight or ten inches of water in the ditch, and it was noted that the defendant Valenzuela, when arrested, was wet to the knees. For a reason which is not apparent from the record, the defendant Garcia was granted a directed verdict of acquittal.

It is claimed that the court erred in not granting defendant Valenzuela's motion for a directed verdict of acquittal at the close of the State's case; that the trial court erred in not instructing the jury to disregard admissions or confessions made by the co-defendant Garcia implicating the defendant Valenzuela; and that the trial court erred in not submitting an instruction to the jury on circumstantial evidence, although none was requested by the defendant Valenzuela.

We must consider the evidence and the reasonable inferences therefrom, in a manner which most favorably supports the verdict. State v. Baker, 100 Ariz. 339, 414 P.2d 153 (1966); State v. Stokes, 2 Ariz.App. 530, 410 P.2d 487 (1966). From an examination of the record and the transcript of testimony, we find that there was sufficient evidence to indicate that the trial court properly submitted the case to the jury and to support the verdict of the jury.

The second assignment of error deals with the failure of the court to instruct the jury to disregard hearsay testimony as to admissions and confessions implicating appellant, purportedly made by the co-defendant Garcia. No instruction was requested on this point. The co-defendant Garcia did not testify and was not allowed to testify after the directed verdict in his favor, although the State attempted to call him, the court ruling that he could not be called because both sides

had rested. Other witnesses testified as to Garcia's statements and admissions. On objection, the court instructed the jury on this subject as follows:

"MR. THIKOLL: Objection on behalf of the Defendant Valenzuela. It would be hearsay.

"THE COURT: Sustained as to Arthur Valenzuela. Members of the jury, this conversation is admitted only as to the Defendant Garcia and has nothing to do with the case against the Defendant Valenzuela. Consider anything that is said only as to the Defendant Garcia."

This statement to the jury sufficiently protected the appellant as to the statements made by Garcia. This is particularly true in view of the fact that no additional cautionary instruction was requested. We see no abuse of discretion in this regard. See State v. Haley, 87 Ariz. 29, 347 P.2d 692 (1959).

■ Appellant's third assignment of error is that the State's case was based on circumstantial evidence, and that the trial court erred in not instructing the jury on circumstantial evidence, even though no instruction was requested. The evidence was *wholly* circumstantial, with the possible exception of two remarks attributed to Valenzuela while he was waiting to be processed at the police station:

"He said, 'You know, I have to play the bit.' He also said this would probably give him time, referring to the night's occurrences."

In addition to the above admissions, there are two other small bits of direct evidence in the record. Upon Valenzuela's return to the party at the Gonzales home, he stated that he had loaned his car to Garcia. Later, when Valenzuela was arrested at his home, he advised the officer that his car had been stolen and he wanted to make a stolen car report. These small bits of direct evidence are exculpatory in nature and do not tend to connect the defendant Valenzuela with any crime or criminal act. The rule in State v. Maynard, 101 Ariz. 239, 418 P.2d 576 (1966) states that conversations and admissions of an accused are direct evidence rather than circumstantial evidence.

"Direct evidence of the crime is the evidence of an eyewitness that it was committed. This includes, in criminal law, confessions and admissions of the accused * * *."

1 Underhill's Criminal Evidence, 5th Ed., p. 5.

We hold that these exculpatory statements are not sufficient direct evidence to remove the case from the rule requiring an instruction on circumstantial evidence.

The court did instruct the jury on circumstantial evidence, to some extent, as follows:

"You are instructed that two classes of evidence are recognized and admitted in the Courts of Justice, upon either or both of which, if adequately convincing, juries may lawfully find the accused guilty of a crime. One is direct evidence and the other is circumstantial evidence. Direct evidence of the commission of a crime consists of the testimony of a witness who, with any of his own physical senses, perceived any conduct constituting the crime, and which testimony relates what was thus perceived. All other evidence is circumstantial, and insofar as it shows any acts, declarations, conditions or other circumstances tending to prove a crime in question, or tending to connect the defendant with the commission of such a crime, it may be considered by you in arriving at a verdict. The law makes no distinction between circumstantial evidence and direct evidence as to the degree of proof required for conviction, but respects each for such convincing force as it may carry and accepts each as a reasonable method of proof. Either type of evidence will support a verdict if it carries the convincing quality as required by law, as stated to you in these instructions."

■■ Appellant contends that an essential portion of the instruction was omitted,

to the effect that circumstantial evidence should not only be consistent with guilt but inconsistent with every other reasonable hypothesis of innocence. We agree that this should be contained in a circumstantial evidence instruction, under Arizona law. The correct rule is stated in State v. Tigue, 95 Ariz. 45, 386 P.2d 402 (1963). In the *Tigue* case, *all* the evidence was circumstantial and the court stated:

> " 'The weight of authority is that the court on its own motion is under a duty to give proper instructions as to the effect of circumstantial evidence *if the prosecution must rely exclusively on circumstantial evidence to convict.*' (Emphasis supplied.)"

Also see State v. Daymus, 90 Ariz. 294, 367 P.2d 647 (1961).

For the reasons stated, the judgment is reversed and remanded to the Superior Court of Pima County for a new trial.

HATHAWAY, C. J., and MOLLOY, J., concur.