435 P.2d 861

The STATE of Arizona, Appellee,

v.

James Warren WOODY, Appellant.

No. 2 CA–CR 97.

Court of Appeals of Arizona.

Dec. 27, 1967.

Rehearing Denied Jan. 10, 1968.

Review Denied Feb. 15, 1968.

---

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Ralph E. Seefeldt, Tucson, for appellant.

MOLLOY, Judge.

This is an appeal from a conviction of two counts of burglary and two counts of grand theft.

The evidence produced against the defendant consists largely of the possession of recently stolen goods. The goods were established to have been those taken from two stores that were burglarized on the night of October 27, 1966. They were found in a closet of a room occupied by the defendant in a private home on November 4, 1966. The goods had been seen in the defendant's closet by the owner of the home sometime prior to November 4. When the police discovered the goods in his closet, the defendant was warned, ala *Miranda,* and then asked if the goods were his, to which question he replied in the affirmative. When asked to explain how they were acquired, he refused to answer any further questions.

The goods found in the closet consisted of a typewriter, a checkwriter—specially made to print checks with the name of one of the stores that had been burglarized, many items of drafting equipment—such as compasses, scale drawing sets, items used for survey work, such as a topographic level and range finder, and certain building equipment, such as a builder's level.

The defendant was charged in the information, in the alternative, with either burglarizing the two stores in question and stealing the personal property taken from them or receiving stolen property. The jury found him guilty of the first two charges and not guilty of receiving stolen property.

At the trial, the defendant took the stand in his own defense and testified that one night a friend by the name of "George Evans" had knocked on his window and he had let him into the house so that this person could temporarily leave in the defendant's closet the items in question. According to the defendant, George Evans was a man he had met at a local bar. The defendant had made no attempt to locate this mysterious bailor to testify at the trial, and had no idea of his whereabouts.

■ The defendant first contends there was insufficient evidence for a conviction of either burglary or grand theft, and that a motion for directed verdict should have been granted. We believe this contention to be erroneous. It is the well-established law of this jurisdiction that possession of recently stolen goods, when accompanied by serious inconsistencies in explanation, or an explanation that is inherently unlikely, is sufficient evidence

to support a conviction for grand theft, and, if the evidence in addition shows the goods have been taken by means of a burglary, such evidence will also support a conviction of the latter offense. Murphy v. State, 50 Ariz. 481, 483, 73 P.2d 110, 111 (1937); Porris v. State, 30 Ariz. 442, 445, 247 P. 1101, 1102 (1926); State v. Valencia, 2 Ariz.App. 301, 408 P.2d 234 (1965).

The defendant next complains the jury was not instructed that, before convicting on circumstantial evidence alone, the evidence must not only have been consistent with guilt but inconsistent with any reasonable hypothesis of innocence. The defendant requested such an instruction (defendant's requested instruction No. 3) but the instruction was refused by the trial court. The defendant's counsel, however, made no record of his objection to the refusal of such request.

Our Supreme Court has held that in a case in which " * * * all the evidence was circumstantial * * *," this cautionary instruction in regard to circumstantial evidence must be given by the court sua sponte and that it is reversible error not to do so. State v. Tigue, 95 Ariz. 45, 386 P.2d 402 (1963).

Though the distinction traditionally made between "direct" and "circumstantial" evidence is of mercurial, hard-to-grasp substance, see State v. Wood, 7 Ariz.App. 22, 435 P.2d 857 (1967), we believe all evidence here falls on the "circumstantial" side of a shadowy line. There is nothing in this record approaching a so-called "eyewitness" account of this alleged crime and without this, we believe the cautionary instruction must be given, unless there are admissions of the defendant which go directly to critical elements of the crime charged. While we have damaging statements made by the accused here, these statements characterize the defendant's possession of the stolen goods rather than provide "direct" proof of guilt. We distinguish the decision of State v. Maynard, 101 Ariz. 239, 418 P.2d 576 (1966), holding that "admissions" are direct evidence rather than circumstantial evidence, in that the admissions referred to in *Maynard* were admissions going directly to elements of the offense charged. The damaging statements made here are collateral and fall within the type of admission held in State v. Valenzuela, 5 Ariz.App. 225, 425 P.2d 127 (1967), to be circumstantial evidence.

The State has presented for our consideration a scholarly brief attacking this requirement, reiterated in *Tigue*,[1] that circumstantial evidence must meet a special test which direct evidence need not meet. Well-reasoned decisions such as Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150, 166 (1954) (labeling this limitation "confusing and incorrect"); United States v. Becker, 62 F.2d 1007 (2d Cir. 1933) (denominating the instruction "ritual"), are included in this brief. But, though we are impressed that this contention is worthy of consideration by our Supreme Court,[2] we do not believe it appropriate for this intermediate appellate court to overrule a decision of the Supreme Court, especially one written as recently as the *Tigue* decision (1963). Accordingly, we are constrained to reverse on this ground of failure to give this Hodge's Rule[3] instruction.

1. Similar statements by our Supreme Court limiting the effect of circumstantial evidence are found in State v. Cox, 93 Ariz. 73, 378 P.2d 750 (1963); State v. Daymus, 90 Ariz. 294, 367 P.2d 647 (1961); and State v. Butler, 82 Ariz. 25, 307 P.2d 916 (1957).

. 2. That such a reconsideration might be appropriate is indicated by the fact that the principal authority cited in State v. Butler, 82 Ariz. 25, 307 P.2d 916 (1957), the first Arizona authority clearly enunciating this rule, was Paddock v. United States, 79 F.2d 872 (9th Cir. 1935). *Paddock* was overruled in McCoy v. United States, 169 F.2d 776 (9th Cir. 1948), a circumstance not commented upon in the *Butler* decision.

3. This limitation upon the effectiveness of circumstantial evidence appears to have been first announced as a rule of instruction in Hodge's Case, 2 Lewin 227, 168 Eng.Rep. 1136 (1838).

A third assertion of error pertains to an instruction given by the trial court to the effect that once the possession of recently stolen goods in the defendant is established, "* * * the burden of explaining to you how he obtained possession is upon the defendant."

This instruction is similar to, but does not contain the qualifying language of, an instruction approved[4] in State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967). No objection was voiced to the instruction by the defendant. On retrial, we anticipate the trial court will stay within the wording of the *Pederson* instruction, and we therefore do not decide whether the giving of this instruction was error or whether error, if any, was waived by failure to object.

Reversed for a new trial.

HATHAWAY, C. J., and KRUCKER, J., concur.

4. "'The burden is on one who is found in the possession of property that was stolen from burglarized premises to explain such possession *in order to remove the effect* of that fact as a *circumstance to be considered* with all other evidence pointing to his guilt.'" (Emphasis added) 424 P. 2d at 818.