455 P.2d 988

STATE of Arizona, Appellee,

v.

Eddie CURTIS, Appellant.

No. 2 CA–CR 142.

Court of Appeals of Arizona.

June 23, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

R. Lamar Couser, Tucson, for appellant.

KRUCKER, Judge.

Defendant-appellant, Eddie Curtis, was informed against for the crime of burglary. A jury found him guilty of burglary in the first degree, and judgment was rendered against him. Imposition of sentence was suspended for three years, and defendant was placed on probation. He appeals from the judgment entered on the verdict.

Construing the record most favorable to sustaining the judgment, State v. Pine, 8 Ariz.App. 430, 446 P.2d 940 (1968); State v. Harris, 9 Ariz.App. 288, 451 P.2d 646

(1969), the facts are as follows. A residence at 2101 Jason Vista, Tucson, was burglarized some time between January 31 and February 3, 1968. The owner had gone away for two and one-half days and upon his return discovered a floor lamp, a bicycle, two suits, three shirts, pants, and a raincoat missing. A neighbor, four or five houses down the road, on January 31st had observed a car stopped in an alley some feet away with the lights out. He called the police. When they arrived and approached the car, it started up without lights and then briefly stopped to pick up someone walking towards it. The officers, on stopping the car, observed a pile of clothing on the rear seat—some suits, shirts and other items. Three young men were in the car; the defendant was driving. A second officer arrived shortly thereafter, and he discovered a bicycle and floor lamp in the alley behind the burglarized home. He also saw the clothes on the back seat of the car. No one was arrested at this time; all parties in the car answered questions posed to them.

Several days later, Detective Sepulveda contacted defendant at his home. Three separate visits on different days took place, February 7th, 8th, and 20th. Each time, the officer testified, he gave defendant his *Miranda* warnings. The defendant was 19 years old. His parents did not participate in any of the meetings. At the first meeting, defendant denied all knowledge of the burglary. At the second, he admitted to it and drove around with the officer, following the route of the evening in question and pointing out the burglarized house. On the third visit, defendant denied the statements made previously and said he made the story up to make the officer quit visiting him at home. He was, at that time, arrested.

On February 21, Officers Sepulveda and Miltonberger questioned defendant after again giving him his rights. He stated he never committed any burglaries but this one.

At trial, defendant's counsel requested a voluntariness hearing on the basis that defendant was incapable of understanding and knowingly waiving his rights; he was a slow learner and intimidated by the officers' repeated visits. He also claimed the officer promised him immunity if he would confess. The court found that defendant was fully advised of his rights and had voluntarily confessed.

Three allegations of error are posed:

(1) It was error to find the confession voluntary.

(2) It was error to submit the case to the jury.

(3) It was error to allow the officer to testify about the clothing he saw in the car.

Defendant contends his statements were involuntary and thus violative of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).

■ It is well established that a defendant has a right to due process of law and that he is entitled to have set aside any statements made by him which were involuntarily elicited. State v. Hudgens, 102 Ariz. 1, 423 P.2d 90 (1967); Miranda v. State of Arizona, supra.

■ Defendant contends that his youth, his lack of education and his difficulty with the English language all add up to prove his statements were involuntary. In State v. Sanders, 101 Ariz. 410, 420 P.2d 281 (1966), the Arizona Supreme Court held that defendant's minority is only one factor to be considered in determining the voluntariness of his statements. In this case, there was indication that defendant was ignorant of such common things as the date of Christmas and was unable to articulate how many times the officer had visited him at home. On the other hand, the police officer testified defendant seemed not only not ignorant, but in fact, quite bright. The trial judge observed the witnesses and defendant and found the defendant had gone to schools, had worked, knew what was going on, and had had ample time to seek advice and get an attorney. We defer to the court's evaluation of the witnesses' credi-

bility. There was sufficient evidence to find that defendant had voluntarily confessed.

Defendant contends there was not substantial evidence that he committed the crime of which he was accused and that it was error to submit the case to the jury. He points out that he was observed some five residences east of the burglarized home and that no stolen property was found in his possession, although something similar was seen in his car. Defendant claims his explanation of his presence in the area, to wit, taking his friend to a girl's home, was a reasonable hypothesis of innocence, thus requiring a directed verdict for defendant.

■■ It is true that in circumstantial cases the jury is given the instruction that a verdict of not guilty must be returned if any reasonable hypothesis of innocence is available. In State v. Green, 103 Ariz. 211, 439 P.2d 483 (1968), however, the court held that the jury and not the judge decide what inferences are to be drawn from the evidence. A directed verdict is not granted whenever a plausible alibi is given.

■ In this case, however, there is more than circumstantial evidence. There is direct evidence in the form of a confession, and the rules stated on hypotheses of innocence do not apply. State v. Flores, 9 Ariz.App. 502, 454 P.2d 172 (filed May 15, 1969); State v. Maynard, 101 Ariz. 239, 418 P.2d 576 (1966).

■ We believe the trial court was correct in sending the question to the jury as the confession and circumstantial evidence were sufficient prima facie proof of defendant's connection with the crime.

Defendant alleges that the police officers' testimony of viewing the clothes in his car was inadmissible because it was an unreasonable search and seizure. Defendant, at this time, was not under arrest, there was no search warrant, and no emergent situation existed. The articles were never offered into evidence.

■ Generally speaking, evidence of things seen is admissible into evidence if the viewer can fit the basic qualifications of a competent witness and the subject matter is pertinent. 31A C.J.S. Evidence § 186. However, it is improper to admit evidence which violates the Fourth Amendment to the U. S. Constitution prohibition against illegal search and seizure. State v. Pina, 94 Ariz. 243, 383 P.2d 167 (1963); State v. Goff, 99 Ariz. 79, 407 P.2d 55 (1965); State v. Taylor, 3 Ariz.App. 157, 412 P.2d 726 (1966); 31A C.J.S. Evidence § 187.

What is a search and seizure? According to the authors of 79 C.J.S. Searches and Seizures § 1:

"* * * it is generally held that the mere looking at that which is open to view is not a 'search'."

Thus, there are numerous cases holding a police officer can seize an item found in plain view, provided he has a legal right to be where he is. State v. Pine, 8 Ariz. App. 430, 446 P.2d 940 (1968); State v. Perez, 7 Ariz.App. 567, 442 P.2d 125 (1968).

■ In this case, there was no seizure, only a viewing. There is no allegation that the police officers were illegally in the place or were incompetent. The viewing in question not being a "search" and no seizure having occurred, there is no question of it violating the Fourth Amendment. The testimony was admissible under ordinary evidence principles.

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.