464 P.2d 346

STATE of Arizona, Appellee,

v.

Oscar William **FORTESON**, Appellant.

No. 2 CA–CR 199.

Court of Appeals of Arizona.

Division 2.

Jan. 21, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., for appellee.

DeConcini & McDonald, by J. Wm. Brammer, Jr., Tucson, for appellant.

KRUCKER, Judge.

In compliance with Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), counsel for the appellant points out that the only possible ground for reversal might be the denial of the appellant's motion to suppress the pistol admitted into evidence, relying on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Briefly, the facts are as follows. Appellant was informed against on July 19, 1968, for possession of a pistol, having previously been convicted of a felony, in violation of A.R.S. § 13–919. Trial was held before a jury on March 11, 1969, and a verdict of guilty was returned.

In the early morning hours of June 9, 1968, the appellant and another person were observed by Officers Patrick Walsh and Frank J. Connelly of the Tucson Police Department's tactical operations unit at a new and used car lot. They stopped and looked at the cars, and then the appellant and his companion walked toward the officers, passed them, and continued on out of sight. The police officers remained in the vicinity of the car lot, and a short time later, the appellant and his friend returned to the car lot. At that time, the police officers crossed the street to the car lot and hailed the two young men to stop. The officers requested identification, which was provided, and at that time they noticed a bulge under appellant's shirt. After inquiring as to what it was, the appellant produced a pair of dark brown gloves. The officers and appellant and his com-

panion conversed for some ten or fifteen minutes, after which time Officer Connelly commenced to leave the group after telling the appellant and his companion that they could go. Appellant then raised his shirt to show Officer Walsh that he also had a flashlight under his shirt, and as he did this, Officer Walsh observed the butt of a pistol in the right rear pocket of appellant's trousers. He told the appellant to wait, drew his weapon, and ordered appellant to lie down. Officer Connelly returned and removed a .32 caliber pistol containing five rounds of live ammunition from the appellant's pocket.

At no time during the confrontation was appellant advised of his constitutional rights.

■ Appellant's counsel has asked the court to search the record for fundamental error, and we have done so. We do not believe that the *Miranda* warnings apply to this case. There was in fact no search as the pistol was in plain sight when appellant raised his shirt. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed. 2d 1067 (1968). Therefore, Mapp v. Ohio, supra, is inapplicable because it relates to an unreasonable *search* and seizure.

■ The observation of the pistol in the rear pocket of the defendant's trousers by Officer Walsh did not constitute a search. United States v. Grogan, 293 F. Supp. 45 (N.D.Ala.1968). It is not a search to see what is patent. United States v. McDaniel, 154 F.Supp. 1 (D.D.C.1957). As the presence of Officers Walsh and Connelly on a public street was lawful, their observation of what was apparent is not a wrong. United States v. Horton, 328 F.2d 132 (3rd Cir., 1964), cert. denied sub nom. Edgar v. United States, 377 U.S. 970, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964). Officer Walsh was not required to blind his eyes to the pistol which was in plain sight. United States v. Thoresen, 281 F. Supp. 598 (N.D.Cal.1967). A weapon observed on a public street by a police officer prior to the defendant's arrest for possession of the weapon is not evidence required to be suppressed upon the theory that the search and seizure was illegal. Busby v. United States, 296 F.2d 328 (9th Cir. 1961), cert. denied, 369 U.S. 876, 82 S.Ct. 1147, 8 L.Ed.2d 278 (1962).

This rule has been succinctly stated in Harris v. United States, supra, as follows:

"* * * It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. * * *" 390 U.S. at 236, 88 S.Ct. at 993.

We hold that the trial court's denial of the motion to suppress evidence was correct and that no fundamental error is disclosed in the record. Therefore, the judgment of the trial court must be upheld.

Judgment affirmed.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concur.

Note: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.