**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles H. SOKOLOW, Defendant-
Appellant.**

No. 71–1135
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1971.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Louis Vernell, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Richard A. Hauser, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction on a jury verdict finding Sokolow guilty of the unlawful receipt and possession of stolen property in violation of 18 U.S.C.A. § 659. We reverse.

A police officer, acting upon reliable information that cigarettes had been stolen, followed a suspect's automobile which eventually backed up to Sokolow's garage. While arresting the suspect, the officer saw a number of air conditioning units stacked in the garage. The officer questioned Sokolow concerning the ownership of the equipment. In the course of this investigation, the officer entered the garage and took serial numbers from the units without a search warrant. This information established that the air conditioners were stolen property, and Sokolow was arrested. Prior to trial, Sokolow moved to suppress the evidence pertaining to the serial numbers and all evidence obtained as a result of that seizure as the fruit of a warrantless search in violation of his rights under the Fourth Amendment. The motion was denied.

A search conducted outside the judicial process, i. e., without a warrant, is *per se* unreasonable in violation of the Fourth Amendment. Katz v. United States, 1967, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. While this rule is subject to limited and well-defined exceptions that may justify a warrantless search and seizure, "[t]he exceptions are 'jealously and carefully drawn,' and there must be 'a showing by those who seek exemption * * * that the exigencies of the situation made that course imperative.'" Coolidge v. New Hampshire, 1971, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 [June 22, 1971].

The Government first contends that the search and seizure of the serial numbers was valid based upon probable cause. Manifestly, a showing of probable cause is required for the granting of a warrant, but " * * * no amount of probable cause can justify a warrantless search and seizure absent 'exigent circumstances'". Coolidge v. New Hampshire, *supra*, 403 U.S. at 468, 91 S.Ct. at 2039. Here there were simply no exigent circumstances. The nature of the stolen property was not such that it could be easily disposed of and other agents were maintaining surveillance on the garage. Under these circumstances, a warrant should have been sought.

Secondly, the Government in a rather oblique argument in which it cou-

ples the plain view doctrine with probable cause attempts to justify the warrantless seizure of the serial numbers. The appearance of the air conditioners gave no indication that they were contraband nor were they evidence of an ascertained crime. Except for suspicion, there was no justification for the officer to enter the garage. He had no legitimate reason to do so apart from the search directed at Sokolow. "What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused." Coolidge v. New Hampshire, *supra*, 403 U.S. at 466, 91 S.Ct. at 2038. It is thus evident that this is not a plain view case and it cannot be made so by coupling the doctrine with probable cause.

We conclude that the serial numbers and the evidence flowing from the seizure were obtained in a warrantless search in violation of the Fourth Amendment.

Reversed.