507 P.2d 987

**STATE of Arizona, Appellee,**

v.

**Lorenzo DOUGLAS, Appellant.**

**No. 2 CA–CR 312.**

Court of Appeals of Arizona, Division 2.

March 20, 1973.

Rehearing Denied April 18, 1973.

Review Denied May 22, 1973.

Gary K. Nelson, Atty. Gen., by Peter Van Orman, Asst. Atty. Gen., Tucson, for appellee.

Schroeder, Soelter & Rosenthal, P. C. by Larry S. Rosenthal, Tucson, for appellant.

HATHAWAY, Chief Judge.

Appellant seeks reversal of his burglary conviction solely on the grounds that a pretrial motion to suppress was erroneously denied.

The undisputed facts are as follows. A Tucson police officer went to the apartment occupied by defendant and one Juan Juarique, located at 901 N. 1st Avenue. He went there for the purpose of investigating the disappearance of two bar stools which had been taken from 901 N. Euclid, an apartment building just down the street from the building where defendant resided. Mr. Juarique opened the door and invited the officer in. (Defendant was not in the apartment at that time but was in another apartment in the same building).

According to the officer, he asked Juarique if he could come in and talk to him concerning the matter that had happened several days prior and Juarique consented to his doing so. After the officer asked a few questions, he noticed a small revolver sitting on the countertop that divided the kitchen area from the living room area. The officer was about 12 to 13 feet from

the gun and Juarique about four to five feet away. As soon as he observed the gun the officer walked over to it and picked it up to see if it was loaded. He opened the cylinder, found it was unloaded, and replaced it on the countertop. When he picked up the gun, he was able to see the serial number which was in plain view. He made a mental note of it, continued talking to Juarique and then departed. Upon leaving the apartment, he made a written note of the serial number.

Later that day, the officer checked the serial number against the police records which revealed that the gun was one of the items taken in the burglary of a residence. The following day he and two other officers obtained a search warrant for the defendant's apartment and the search pursuant thereto disclosed the gun and several other items taken in the burglary. The defendant was charged with and convicted of first degree burglary.

The defendant's argument is that the search warrant was invalid since it was based upon the officer's memorization of a serial number, the product of an illegal search and seizure. Therefore, he maintains, the items seized pursuant to the search warrant and his statement made at the time of the search, were inadmissible as "fruits of the poisonous tree."

■ There is no question but that the gun was in plain view on the countertop. Therefore the officer's observation of it did not constitute a search. State v. Forteson, 11 Ariz.App. 275, 464 P.2d 346 (1970). Furthermore, there is no question but that the officer was justified in taking reasonable precautions for his own safety. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■ When the officer checked the weapon to see if it was loaded, the serial number was readily visible. It was not unreasonable for him to make a mental note of a serial number which was open to view. State v. Curtis, 10 Ariz.App. 38, 455 P.2d 988 (1969); State v. Stokes, 2 Ariz. App. 530, 410 P.2d 487 (1966). Defendant relies on the case of United States v. Sokolow, 450 F.2d 324 (5th Cir. 1971) to support his claim that the serial number was obtained as the result of an unlawful seizure thereof. That case, however, is clearly distinguishable on the facts.

In *Sokolow,* a police officer, acting upon reliable information that cigarettes had been stolen, followed a suspect's automobile which eventually backed up to Sokolow's garage. While arresting the suspect, the officer saw a number of air conditioning units stacked in the garage. He questioned Sokolow concerning the ownership of the equipment and in the course of this investigation, entered the garage and took serial numbers from the units without a search warrant. In rejecting the state's "plain view" argument, the court stated:

"Except for suspicion, there was no justification for the officer to enter the garage. He had no legitimate reason to do so apart from the search directed at Sokolow. 'What the "plain view" cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused.' (citation omitted)" 450 F.2d at 326.

There was no error in denying the motion to suppress and the judgment is affirmed.

KRUCKER and HOWARD, JJ., concur.