613 P.2d 835

**The STATE of Arizona, Appellee,**

v.

**David Samuel GOLDSTON, Appellant.**

**No. 2 CA–CR 1931.**

Court of Appeals of Arizona, Division 2.

May 8, 1980.

Rehearing Denied June 25, 1980.

---

172

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Laurel B. Sammons and Randall M. Sammons, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant was convicted of second degree burglary and theft of stereo equipment valued at over $100. He contends that the trial court erred in instructing the jury on the inferences they could draw if they found appellant gave false or misleading statements about the charges or how he came into possession of the stolen property. Although one of the disputed instructions constituted a comment on the evidence, we affirm because the error was harmless.

Four witnesses testified they had seen appellant and another man carrying stereo equipment down an alley on the night of the burglary. Suspecting criminal activity, they followed the two men, who dropped the equipment and ran. The four recovered the equipment and called the police. As two of the witnesses were retracing the chase with an officer, they spotted appellant and the other man walking along the street. When questioned about the stereo equipment, appellant denied ever seeing it before.

At trial, the state offered the following two instructions concerning the effect of this denial:

STATE'S REQUESTED INSTRUCTION NO. 3

If you find that before this trial the defendant made false or deliberately misleading statements concerning the charge upon which he is now being tried, you may consider such statements as a circumstance tending to prove a consciousness of guilt but it is not sufficient of itself to prove guilt. The weight to be given to such a circumstance and its significance, if any, are matters for your determination.

STATE'S REQUESTED INSTRUCTION NO. 11

If property has been taken by the means of a burglary or theft and if you find that the property is immediately or soon thereafter found in the possession of a person or persons who give a false account or an inherently unlikely explanation of how that property came into that person or persons possession, proof of such possession and the person's later conduct is evidence tending to prove not only that the person or persons stole the goods but that the person or persons made use of the means by which access to the goods was attained.

■ Appellant's counsel made the following objections to instruction No. 3:

MS. SAMMONS: I don't think the fact David looked in the trunk of the car and said he had never seen that stuff before necessarily means that he had seen it before.

THE COURT: There sure is evidence for the jury to find that.

MS. SAMMONS: There's evidence how dark it was. Maybe he touched it there. There's some confusion in the testimony as to what he did when he went over to the trunk of the car.

Counsel's argument of the facts was insufficient to preserve any error in the giving of the instruction. 17 A.R.S. Rules of Criminal Procedure, rule 21.3(c).

 Appellant's counsel objected to instruction No. 11 on the grounds that it was misleading and constituted an incorrect statement of the law, a comment on the evidence, and a violation of appellant's right against self-incrimination. Appellant now contends that the instruction was error because his mere denial of having seen the equipment before did not amount to a "false account or inherently unlikely explanation" of how the property came into his possession. He waived this objection when he failed to raise it below. *State v. Long*, 119 Ariz. 327, 580 P.2d 1181 (1978). However, he did preserve his second argument on appeal, that the instruction was a comment on the evidence because it suggested to the jury what inference to draw from the denial. Although recent possession and false or inconsistent statements are sufficient to support convictions of theft and burglary, *State v. Woody*, 7 Ariz.App. 26, 435 P.2d 861 (1968), the trial court may not instruct the jury which inferences they should adopt from the evidence. *State v. Wallen*, 114 Ariz. 355, 560 P.2d 1262 (App. 1977). When it told the jury that a false statement was evidence "tending to prove" both theft and burglary, the trial court suggested there was only one logical inference to be drawn. *See Fatheree v. Griffin*, 155 Miss. 570, 121 So. 119 (1929). Any error was harmless, however, in light of the identification of appellant by the four witnesses and the fact that appellant's fingerprint was found on the equipment.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.