796 P.2d 475

The STATE of Arizona, Appellee,

v.

Jaime Soto VASQUEZ, Appellant.

No. 2 CA–CR 89–0185.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 8, 1990.

Review Granted Sept. 18, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Eric A. Bryant, Phoenix, for appellee.

---

**44**

Donau & Bolt by Francisco Leon, Tucson, for appellant.

LIVERMORE, Presiding Judge.

Appellant was found guilty after a jury trial of unlawful possession of a narcotic drug. He was placed on probation for four years, and this appeal followed. Prior to trial, appellant filed a motion to suppress the cocaine found in his jacket pocket by the investigating officer. His appeal challenges the denial of that motion.

The investigating officer responded to a family disturbance call, and when he arrived at an apartment complex, he saw appellant and his wife standing in the parking lot. They had been arguing; both were upset and both had been drinking. The investigating officer testified that he had intended to separate the couple by driving appellant home. Appellant stated that he was cold, and another officer pointed to a jacket lying on the front seat of the car that they were standing next to. Appellant said it was his jacket and that he wanted it. As the other officer was about to hand the jacket to appellant, the investigating officer asked to see it. The jacket was heavy, bulky and had a pocket in the front on each side. The officer told appellant he was going to check it before he gave it to him and then patted the jacket down. The officer testified that he could not feel if there was anything in the pockets because of the bulkiness of the material and therefore reached into the pocket. He found a packet of cocaine in the pocket.

Appellant argues that the search was not permissible under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We agree.

We will not interfere with a trial court's ruling on a motion to suppress unless clear and manifest error is present. *State v. Jarzab*, 123 Ariz. 308, 599 P.2d 761 (1979), *cert. denied*, 444 U.S. 1102, 100 S.Ct. 1069, 62 L.Ed.2d 789 (1980). In reviewing the trial court's ruling on a motion to suppress, we consider the evidence most favorably to sustaining the judgment of the trial court. *State v. Clevidence*, 153 Ariz. 295, 736 P.2d 379 (App.1987). Doing so, we find nothing to justify the search of appellant's jacket. The officer was not in the process of arresting appellant, and this was not a search incident to an arrest. *State v. DeRosier*, 133 Ariz. 154, 650 P.2d 456 (1982). Neither was this a situation in which the officer was reasonably apprehensive about his safety. *See State v. Brooks*, 127 Ariz. 130, 618 P.2d 624 (App.1980); *State v. Douglas*, 19 Ariz.App. 375, 507 P.2d 987, *cert. denied*, 414 U.S. 1003, 94 S.Ct. 358, 38 L.Ed.2d 238 (1973). The officer had not been informed that appellant had been violent during the confrontation with his wife. Nor could he reasonably have believed that a weapon might be at the scene. *State v. Aguirre*, 130 Ariz. 54, 633 P.2d 1047 (App. 1981).

The case of *State v. Smith*, 112 Ariz. 531, 544 P.2d 213 (1975), holds that "whenever an individual is to be transported in a police vehicle, a pat-down search is reasonable, proper, and lawful for the protection of the officer." 112 Ariz. at 534, 544 P.2d at 216. The court relied on *People v. Superior Court (Scott)*, 35 Cal.App.3d 621, 110 Cal.Rptr. 875 (1973) (ordered depublished in 1974). Both cases involved non-arrest situations as does the instant case. They are distinguishable on two points. First, in those cases, the officers expressed to the future defendants the fact that they were going to be transported in a police vehicle. Here, the intention of the officer was never articulated until the hearing on the motion to suppress. Second, the officers in those cases had valid reasons to offer the persons a ride. In *Smith*, the officer was investigating a hit-and-run accident in which the vehicle that had hit a gas meter was left at the scene. A registration check revealed that the vehicle was registered to Smith. The officer then went to Smith's home. Smith was found staggering and his speech was slurred and his clothing was unkempt. He was told he was going to be transported to the accident scene.

In (*Scott*), the defendant was offered a ride after the officers saw him and his three-year-old son standing by a freeway off-ramp, urinating in plain view. They were unlawfully hitchhiking, and the offi-

cers testified that Scott appeared to be intoxicated and unable to care for either himself or his son. The California Court of Appeal wrote that although the officers clearly had probable cause to arrest Scott, they decided to give him and the boy a ride in the patrol car. The officers advised Scott that they would pat him down before allowing him to get into the vehicle.

In our case, the officer had no authority to transport appellant. No probable cause existed to arrest appellant for disturbing the peace, as the sparse record will not support the conclusion that appellant had engaged in any conduct in violation of A.R.S. § 13–2904. The fact that the parties had been arguing and that appellant's wife had been crying does not rise to the level of the proscribed conduct. Neither is the seizure of appellant justified as a "cooling off" exercise, since nothing shows such a period was required. Additionally, although the record shows that appellant had been drinking, the officer did not claim that appellant was too intoxicated to drive and that the seizure was effected to prevent a felony from occurring. Lastly, it is clear that appellant never requested, nor gave his consent to, a ride home in the police vehicle nor was he ever advised that he was going to be removed from the area. *See State v. Garcia,* 784 P.2d 297 (1989), where the defendant consented to the officer's suggestion that he give her a ride home. Without authority to take appellant into the vehicle, the officer was without authority to conduct a pat-down search for security purposes.

The trial court erred in denying the motion to suppress. The judgment of conviction and the sentence are vacated, and the case is remanded for further proceedings.

FERNANDEZ, C.J., and LACAGNINA, J., concur.