650 P.2d 456

**STATE of Arizona, Appellee,**

v.

**David DeROSIER, Appellant.**

**No. 5488–PR.**

Supreme Court of Arizona,
En Banc.

July 29, 1982.

Rehearing Denied Sept. 14, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Frank P. Leto, Asst. Public Defender, Tucson, for appellant.

HAYS, Justice.

After a jury trial, David DeRosier was found guilty of violating A.R.S. § 36–1002, possession of a narcotic drug. He was sentenced to four years probation.

In a memorandum decision the Court of Appeals reversed and remanded. After rehearing was denied, both parties filed timely petitions for review which we granted. We take jurisdiction pursuant to A.R.S. § 12–120.24 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19. Decision of the Court of Appeals is vacated. Judgment of the trial court is affirmed.

Two issues are presented by this case. First, did the trial court err in refusing to suppress evidence seized during a warrantless search? Second, did the trial court err in instructing the jury that intoxication is not a defense to illegal possession of a narcotic drug?

On August 29, 1980, after working outside all day, appellant entered a Tucson pizza parlor. He became intoxicated and passed out at his table. The restaurant manager summoned the police when he could not awaken appellant. Police officers aroused appellant and escorted him outside. He was told that the manager did not want him inside the restaurant.

Despite this admonition, appellant later went back inside the restaurant. He

claimed he was looking for his cigarettes. The police officers observed appellant re-enter the restaurant, then exit the restaurant under the manager's firm grasp. The officers arrested appellant for trespass. A subsequent search of appellant produced a small vial of cocaine.

At trial, appellant stated that two strangers had approached him in the restaurant. They wanted to sell him drugs or to trade the drugs for pizza. He told them he was not interested and asked them to leave. One of the strangers was still at the table when appellant passed out. Appellant claims he had never seen the vial before the officer took it out of his pocket.

The trial court refused to suppress the evidence of the cocaine. Over appellant's objection, the trial court instructed the jury that intoxication was not a defense to illegal possession of a narcotic drug.

## SEARCH

Appellant contends the trial court erred in failing to suppress evidence of the cocaine because it was taken in a warrantless search. The trial court found that the officer personally observed appellant committing a misdemeanor, *i.e.,* criminal trespass in the third degree, A.R.S. § 13–1502.[1] The officer was justified in arresting appellant in accordance with A.R.S. § 13–3883(2),[2] *State v. Nixon,* 102 Ariz. 20, 423 P.2d 718 (1967); *State v. DeWoody,* 122 Ariz. 481, 595 P.2d 1026 (App. 1979).

■ It is well established that a police officer may make a full search of a person incident to a lawful custodial arrest. *State*

*v. Myers,* 117 Ariz. 79, 89, 570 P.2d 1252, 1262 (1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978); *State v. Susko,* 114 Ariz. 547, 549, 562 P.2d 720, 722 (1977). The search here was pursuant to a lawful arrest. The officer was free to seize any criminal evidence. *State v. Jackson,* 112 Ariz. 149, 539 P.2d 906 (1975). We find no error.

## JURY INSTRUCTION

■ Appellant contends the trial court erred in instructing the jury that intoxication is not a defense to the charge of unlawful possession of a narcotic drug. Appellant asserts that the cited authority for this instruction, A.R.S. § 13–503,[3] is unconstitutional. We held to the contrary in *State v. Ramos,* 133 Ariz. 4, 648 P.2d 119 (1982). The offense of possession of a narcotic substance requires the mental state of "knowingly." Under the *Ramos* rationale the court was correct in refusing to give an instruction which would allow the jury to consider appellant's intoxication in determining his culpable mental state.

■ While the instruction given did not follow the wording of A.R.S. § 13–503, we do not believe the jury was misled as to the law. The jury was additionally instructed that possession of a narcotic drug has three elements: one, the defendant must *know* he possessed a substance; two, the defendant must *know* that the substance is a narcotic drug, and three, the defendant must possess a usable amount of the narcotic drug. Further, the jury was instructed that the state

1. A.R.S. § 13–1502(A) provides:
 A. A person commits criminal trespass in the third degree by:
 1. Knowingly entering or remaining unlawfully on any real property after a reasonable request to leave by the owner or any other person having lawful control over such property, or reasonable notice prohibiting entry.
2. A.R.S. § 13–3883(2) provides:
 A peace officer may, without a warrant, arrest a person:
 . . . .
 2. When he has probable cause to believe a misdemeanor has been committed in his presence and probable cause to believe the

person to be arrested has committed the offense.

3. A.R.S. § 13–503 provides:
 No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when the actual existence of the culpable mental state of intentionally or with the intent to is a necessary element to constitute any particular species or degree of offense, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the culpable mental state with which he committed the act.

must prove each element of the offense beyond a reasonable doubt. In light of all the instructions given, we find the jury was properly instructed on the law.

Judgment of the trial court affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.