SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No.  CR-08-0001-PR |
| | ) | |
| Appellee, | ) | Court of Appeals |
| | ) | Division Two |
| | ) | No.  2 CA-CR 06-0319 |
| v. | ) | |
| | ) | Pima County |
| | ) | Superior Court |
| ENIS JOHN CHERAMIE, III, | ) | No.  CR20052668 |
| | ) | |
| | ) | |
| Appellant. | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Pima County
The Honorable Charles S. Sabalos, Judge

**AFFIRMED**

_____

Opinion of the Court of Appeals, Division Two
217 Ariz. 212, 171 P.3d 1253 (2007)

**VACATED IN PART**

_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By    Randall M. Howe, Chief Counsel,
           Criminal Appeals Section
           Joseph L. Parkhurst,                           Tucson
           Assistant Attorney General
Attorneys for State of Arizona

ROBERT J. HIRSH, PIMA COUNTY PUBLIC DEFENDER              Tucson
     By    Michael J. Miller, Deputy Public Defender
Attorneys for Enis John Cheramie, III

_____

**B E R C H**, Vice Chief Justice

¶1        We have been asked to decide whether possession of a

dangerous drug under Arizona Revised Statutes ("A.R.S.") section 13-3407(A)(1) (2001)[1] is a lesser-included offense of transportation for sale of a dangerous drug under § 13-3407(A)(7). We hold that it is.

## I. FACTS AND PROCEDURAL HISTORY

¶2 On June 8, 2005, a police officer stopped Enis John Cheramie for a civil traffic violation. Cheramie, the sole occupant of the vehicle, was arrested for unrelated criminal offenses. Officers searched Cheramie's vehicle and discovered several hundred dollars in the center console and an aerosol can on the floorboard of the rear passenger seat. Upon closer inspection, the officers discovered that the can had a false bottom; hidden inside were two baggies containing 41.9 grams of methamphetamine.

¶3 A grand jury indicted Cheramie for transportation for sale of a dangerous drug in violation of A.R.S. § 13-3407(A)(7).[2] After the State's witness failed to appear to testify at trial regarding the "for sale" element of the transportation for sale charge, the court granted Cheramie's motion for a judgment of

---

[1] Unless otherwise indicated, we cite the current version of our statutes as they have not changed since the commission of the offenses.

[2] Cheramie was also indicted for possession of drug paraphernalia and second degree escape. *See* A.R.S. §§ 13-3415(A) (paraphernalia), 13-2503(A)(2) (escape). Those charges are not at issue in this appeal.

- 2 -

acquittal. *See* Ariz. R. Crim. P. 20. Over Cheramie's objection, however, the judge instructed the jury on possession of a dangerous drug under § 13-3407(A)(1). The jury convicted Cheramie of the possession offense.

¶4     The court of appeals reversed in a divided opinion. *State v. Cheramie*, 217 Ariz. 212, 220, ¶ 27, 171 P.3d 1253, 1261 (App. 2007). The majority held that submission of the possession charge to the jury was error because possession of drugs is not a lesser-included offense of transportation of drugs for sale. *Id.* at 215-17, ¶¶ 6-14, 171 P.3d at 1256-58. The court so held because it read *State v. Moreno*, 92 Ariz. 116, 120, 374 P.2d 872, 875 (1962), as imposing a judicially crafted "usable quantity" element on the possession offense, while no such element exists for the transportation for sale offense. *Cheramie*, 217 Ariz. at 215-16, ¶¶ 6-7, 171 P.3d at 1256-57. The majority therefore concluded that allowing the possession charge to be submitted to the jury would deprive Cheramie of fair notice of the charges against him. *Id.* at 216-17, ¶¶ 11, 14, 171 P.3d at 1257-58. The dissenting judge, on the other hand, reasoned that possession is a lesser-included offense because one cannot transport dangerous drugs without possessing them. *Id.* at 220, ¶ 28, 171 P.3d at 1261 (Espinosa, J., dissenting). He believed that the "usable quantity" discussion in *Moreno* addressed only the sufficiency of the evidence to show knowing

- 3 -

possession and did not add a new element to the offense. *Id.* ¶¶ 28-29.

¶5 We granted the State's petition for review to decide this recurring issue of statewide importance. *See* Ariz. R. Crim. P. 31.19. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 13-4036 (2001).

## II. DISCUSSION

¶6 In Arizona, methamphetamine is a "dangerous drug." A.R.S. § 13-3401(6)(b)(xiii) (Supp. 2007). It is a crime for any person to "knowingly . . . [p]ossess . . . a dangerous drug." *Id.* § 13-3407(A)(1). Nor may any person "knowingly . . . [t]ransport for sale . . . a dangerous drug." *Id.* § 13-3407(A)(7). We must decide whether the former, known as the "possession" offense, is a lesser-included offense of the latter, the "transportation for sale" offense.

¶7 If possession is a lesser-included offense of transportation for sale, then the trial court's instruction was proper because a defendant is deemed to have notice of crimes necessarily included in the offense with which he is charged. *E.g.*, *State v. Wall*, 212 Ariz. 1, 4, ¶ 18, 126 P.3d 148, 151 (2006) (requiring lesser-included offense instruction when evidence supports conviction of lesser-included offense); *State v. Kelly*, 123 Ariz. 24, 26, 597 P.2d 177, 179 (1979) (finding no

- 4 -

prejudicial error when indictment was amended from armed robbery to robbery); *see also Gov't of V.I. v. Bedford*, 671 F.2d 758, 765 (3d Cir. 1982) (finding that lesser-included offense substitution under federal rule generally permissible); *cf.* Ariz. R. Crim. P. 23.3 (requiring trial court to provide verdict forms "for all offenses necessarily included in the offense charged").

¶8        Today's inquiry presents a question of law, which we review de novo.  *See State v. Pandeli*, 215 Ariz. 514, 530, ¶ 61, 161 P.3d 557, 573 (2007).

## A.   Lesser-Included Offense Analysis

¶9        "To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one."  *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983); *accord State v. Miranda*, 200 Ariz. 67, 68, ¶ 2, 22 P.3d 506, 507 (2001); *State v. Kinkade*, 147 Ariz. 250, 253, 709 P.2d 884, 887 (1985).  The legislature defines crimes and their elements, and "[c]ourts may not add elements to crimes defined by statute."  *Miranda*, 200 Ariz. at 69, ¶ 5, 22 P.2d at 508.  Our analysis is therefore limited to the elements of the two relevant offenses as set forth in Arizona's criminal code.

¶10        The crime of transportation for sale requires the state

to prove that the defendant knowingly (1) transported (2) for sale (3) a dangerous drug.  A.R.S. § 13-3407(A)(7).  The crime of possession requires the state to prove that the defendant knowingly (1) possessed (2) a dangerous drug.  *Id.* § 13-3407(A)(1).  The transportation for sale offense imposes a "for sale" element not found in the possession offense.  Thus, unless proof of "possess" under § 13-3407(A)(1) requires a showing of something more than proof of "transport" under § 13-3407(A)(7), the elements of possession are all included within the elements of transportation for sale, making possession a lesser-included offense.

¶11      Arizona's criminal code defines "possess" to mean "knowingly to have physical possession or otherwise to exercise dominion or control over property."  A.R.S. § 13-105(30) (2001).  The code does not define "transport," but the ordinary definition means "to carry, move, or convey from one place to another."  Webster's College Dictionary 1368 (2d ed. 1997); *see also* A.R.S. § 1-213 (2002) (requiring words in statutes to be construed according to their ordinary meaning); *State v. Braun*, 185 Ariz. 245, 247, 914 P.2d 1337, 1339 (App. 1995) (applying similar definition of "transport").  Given Arizona's broad definition of "possess," we cannot conceive how a person can "transport" drugs without having possession of or dominion or control over them.

¶12 The court of appeals reached a similar conclusion in *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 965 P.2d 94 (App. 1998), when addressing whether a person can transport marijuana for sale without possessing it. The court held that Arizona's broad definition of "possess" means that one cannot transport drugs without possessing them. *Id.* at 363, ¶¶ 12-13, 965 P.2d at 97. Although Cheramie urges us to overrule *Chabolla-Hinojosa*, we decline to do so. The court in *Chabolla-Hinojosa* appropriately analyzed and rejected that defendant's arguments, which parallel the arguments Cheramie makes here. *See id.; see also In re Pima County Juvenile Delinquency Action No. 12744101*, 187 Ariz. 100, 101, 927 P.2d 366, 367 (App. 1996) (holding that possession of marijuana is a lesser-included offense of sale of marijuana); *State v. Moroyoqui*, 125 Ariz. 562, 564, 611 P.2d 566, 568 (App. 1980) (holding that possession of marijuana is a lesser-included offense of possession for sale and transportation).

**B. The Usable Quantity Requirement**

¶13 Cheramie argues that *State v. Moreno* and its progeny make possession of a "usable quantity" an element of the possession offense, while the transportation for sale offense has no such element. *See State v. Ballesteros*, 100 Ariz. 262, 265, 413 P.2d 739, 741 (1966) (holding that a "usable quantity" is not required for sale offenses). Therefore, he reasons, each

offense requires proof of an element not found in the other –
that is, possession requires a "usable quantity" element and
transportation for sale requires a "for sale" element.  Thus, he
would have us conclude that possession cannot be a lesser-
included offense of transportation for sale.  Although our
jurisprudence on this subject has not been a model of clarity,
we do not agree.

¶14      *Moreno*, the case on which Cheramie primarily relies,
must be viewed in context.  In 1935, the legislature passed the
Arizona Uniform Narcotics Act of 1935.  1935 Ariz. Sess. Laws,
ch. 26 (Reg. Sess.).  The 1935 Act made it "unlawful for any
person to manufacture, possess, have under his control, [or]
sell . . . any narcotic drug . . . ." *Id.* § 3.  Absent from the
1935 Act was a required mental state.  Like courts in other
jurisdictions that had adopted similar statutes, Arizona courts
hesitated to conclude that the legislature intended to impose
strict liability for narcotics offenses.  *See State v. Hunt*, 91
Ariz. 149, 153, 370 P.2d 642, 645 (1962) (requiring knowledge of
presence of narcotic drug for possession conviction); *Carroll v.
State*, 90 Ariz. 411, 412, 368 P.2d 649, 650 (1962) (same).  This
Court issued several opinions, including *Moreno*, that explored
the mental state required for conviction under the 1935 Act.

¶15      *Moreno* involved a defendant charged with possession of
heroin after officers discovered "a plastic bag containing two

eye-droppers, one eye-dropper bulb, a plastic needle case with needles in it, and four cotton wads." 92 Ariz. at 117, 374 P.2d at 873. The cotton wads contained approximately 0.2 milligrams of heroin residue. *Id.* at 118, 374 P.2d at 873. To prove that Moreno possessed narcotics, given the minute amount of heroin found, the prosecution offered evidence that narcotics users could "wipe[] the tip of the hypodermic needle with a cotton wad," save its residue, dissolve it in water, and inject the resulting solution as a "booster" shot. *Id.* at 117, 374 P.2d at 873.

¶16    The primary issue in *Moreno* was "the sufficiency of the evidence to sustain the conviction" under the 1935 Act. *Id.* at 118-19, 374 P.2d at 874. The court looked to other jurisdictions with similar statutes and concluded that "the correct rule . . . is that where the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if useable under the known practices of narcotic addicts." *Id.* at 120, 374 P.2d at 875. Because testimony existed that 0.2 grams could be used as a narcotic and the jury was instructed that the defendant had to knowingly possess the substance, the trial court did not err. *Id*.

¶17    The inclusion of a "usable quantity" component in *Moreno* was not grounded in the notion that the state must show any particular quantity of drugs to sustain a conviction.

Indeed, the court noted that "any" amount of narcotics could suffice. *Id.* at 119, 374 P.2d at 874. *Moreno*'s "usable quantity" statement affirmed that Arizona's narcotic statute requires something more than mere possession:  it requires *knowing* possession.  Thus, if the presence of the drug can be discovered only by scientific detection, to sustain a conviction the state must show the presence of enough drugs to permit the inference that the defendant knew of the presence of the drugs. *See id.* at 120, 374 P.2d at 875.

¶18     Four years later, this Court applied *Moreno*'s analysis in *Ballesteros*, a case involving the sale of narcotics.  100 Ariz. at 264-65, 413 P.2d at 740-41.  Like the statute at issue in *Moreno*, the statute in *Ballesteros* required neither a particular quantity of drugs nor a mental state.[3]  Ballesteros argued that the prosecution failed to prove he possessed a "usable quantity," as required by *Moreno*.  *Id.* at 265, 413 P.3d at 741.  This Court rejected that argument noting that, like all crimes, the crime of possession "requires a union of act and intent."  *Id*.  We stated that "the *intent necessary* to establish the crime of possession is not present when the amount is so minute as to be incapable of being applied to any use, even

---

[3]     The statute, A.R.S. § 36-1002.02 (Supp. 1963), provided that "[e]very person who transports [or] sells . . . any narcotic drug other than marijuana . . . shall be punished by imprisonment."

- 10 -

though it might be identifiable as narcotics by chemical analysis." *Id.* (emphasis added). Whether a defendant possesses a usable quantity rarely arises in the context of selling drugs, however, because one generally cannot sell a non-usable amount. Thus, the state can establish the mental state by simply demonstrating "the transfer of any amount [of drugs] when the accompanying circumstances indicate an intent to sell." *Id.*; *see State v. Ballinger*, 110 Ariz. 422, 425, 520 P.2d 294, 297 (1974) (no usable quantity requirement for sale); *State v. Altman*, 107 Ariz. 93, 97, 482 P.2d 460, 464 (1971) (same); *State v. Espinosa*, 101 Ariz. 474, 476, 421 P.2d 322, 324 (1966) (same).

¶19    *Moreno* and *Ballesteros* guided the courts on this issue for more than a decade. *See State v. Arce*, 107 Ariz. 156, 161, 483 P.2d 1395, 1400 (1971) (requiring knowledge for possession); *State v. Quinones*, 105 Ariz. 380, 382, 465 P.2d 360, 362 (1970) (citing *Moreno* with approval). In 1978, however, the legislature overhauled Arizona's criminal code, and also added the mental state of "knowingly" to the narcotics possession statute in title 36. 1978 Ariz. Sess. Laws, ch. 201, § 633 (2d Reg. Sess.).

¶20    Since 1978, we have addressed the "usable quantity" requirement only once. In *State v. DeRosier*, 133 Ariz. 154, 650 P.2d 456 (1982), we examined whether the trial court erred in

- 11 -

denying an instruction permitting the jury to consider the defendant's voluntary intoxication as a defense to illegal possession. In the course of holding that the jury was not "misled" by a jury instruction that did not track the statutory language, we stated that it was not *improper* for the trial court to instruct the jury that a "usable quantity" is an element of possession. *Id.* at 156-57, 650 P.2d 458-59. On that latter point, we misspoke. To the extent that language in *DeRosier* suggests that a "usable quantity" is a required "element" of the possession offense, we disapprove it.

¶21 A "usable quantity" is neither an element of the possession offense nor necessary to sustain a conviction for it. Rather, it is simply evidence from which a factfinder may infer intent. Because *Moreno* and its progeny were decided under a statute that imposed no mental state, proof of a "usable quantity" helped to ensure that defendants were convicted only after knowingly committing a proscribed act. The statute now expressly requires a knowing mental state, and establishing a "usable quantity" remains an effective way, in a case involving such a small amount that one might question whether the defendant knew of the presence of drugs, to show that the defendant "knowingly" committed the acts described in A.R.S. § 13-3407.

¶22 Nonetheless, possession of a dangerous drug under

A.R.S. § 13-3407(A)(1) does not require proof of a usable quantity. Possession therefore is a lesser-included offense of transportation for sale of a dangerous drug under § 13-3407(A)(7). The trial court's instruction on possession was not improper.

### III. CONCLUSION

**¶23** For the foregoing reasons, we vacate paragraphs five through fourteen of the opinion of the court of appeals and affirm Cheramie's conviction.

_____
Rebecca White Berch, Vice Chief Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice

_____
W. Scott Bales, Justice