NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SANTIAGO LUIS ESTRADA-RESENDIZ, *Appellant.*

No. 1 CA-CR 13-0872
FILED 09-04-2014

Appeal from the Superior Court in Yuma County
No. S1400CR201201194
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**T H U M M A, Judge**:

**¶1** Defendant Santiago Luis Estrada-Resendiz appeals his convictions and sentences on two counts of disorderly conduct and two counts of reasonable apprehension aggravated assault, all dangerous felony offenses, arising from an incident in which he drove a tractor into oncoming traffic and chased motorists on Highway 80 in Yuma County. From Estrada-Resendiz's timely notice of appeal, this court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and 13-4033(A) (2014).[1]

**¶2** Estrada-Resendiz argues the superior court erred in denying his motions for judgment of acquittal on the charge of aggravated assault against Yuma County Deputy Sheriff Pesce. A motion for judgment of acquittal should be granted when, "after the evidence on either side is closed, . . . there is no substantial evidence to warrant a conviction" for a count. Ariz. R. Crim. P. 20(a). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562 ¶16, 250 P.3d 1188, 1191 (2011*)* (citation omitted). This court reviews de novo the denial of a motion for judgment of acquittal and the sufficiency of the evidence to support a conviction. *West*, 226 Ariz. at 562 ¶15, 250 P.3d at 1191.

**¶3** Estrada-Resendiz was charged with aggravated assault, with the State alleging he "intentionally put another person in reasonable apprehension of immediate physical injury," using a "dangerous instrument," to wit, the tractor. *See* A.R.S. §§ 13-1203(A)(2), 13-1204(A)(2). Estrada-Resendiz argues the evidence failed to establish that his conduct placed Pesce "in reasonable apprehension of imminent physical injury." The offense requires proof that the victim actually was in reasonable apprehension of imminent physical injury. *State v. Angle*, 149 Ariz. 499, 504,

---

[1] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

720 P.2d 100, 105 (App. 1985), *vacated in other part by State v. Angle,* 149 Ariz. 478, 479, 720 P.2d 79, 80 (1986). Testimony that the victim was actually apprehensive, however, is not required; circumstantial evidence may establish that element of the offense. *State v. Wood*, 180 Ariz. 53, 66, 881 P.2d 1158, 1171 (1994).

¶4 The circumstantial evidence here was sufficient to establish that Pesce experienced reasonable apprehension of imminent physical injury, notwithstanding his testimony that he was not actually thinking about being injured at the time. In the first incident, Pesce testified that, as he started to get out of his vehicle to confront Estrada-Resendiz, who was driving the tractor, "[a]ll of the sudden he starts to pull forward. So I jump back in the vehicle . . . [and] go around to the north." In the second incident, Estrada-Resendiz suddenly turned the tractor around and drove straight toward Pesce: "As I go to reach the door handle to open the door, that tractor snapped around faster than I've ever seen a vehicle snap around before, and he's coming directly at me, sideways." Thinking that the tractor was going to run him over, Pesce "slam[med]" his vehicle into drive, and maneuvered around the tractor again. Pesce testified that he was inside the car "when he snapped that tractor around and tried to run over my car . . . he was headed straight for the driver's door." Pesce testified that he was not thinking about being injured during the second incident.

¶5 The jury reasonably could conclude from Pesce's testimony, describing the erratic maneuvers by the tractor being driven by Estrada-Resendiz and the immediate measures he took to avoid being hit, that he was in reasonable apprehension not only of damage to the vehicle, but of injury to himself, both outside the vehicle (the first incident), and inside the vehicle (the second incident). Because this evidence was sufficient to support the convictions, the superior court properly denied the motions for judgment of acquittal. *See* Ariz. R. Crim. P. 20(a).

¶6 Estrada-Resendiz also argues the superior court erred in denying his request for a jury instruction on misdemeanor disorderly conduct for "engag[ing] in fighting, violent or seriously disruptive behavior" with intent to disturb the peace under A.R.S. § 13-2904(A)(1), as a lesser-included offense of aggravated assault. The court instructed on felony disorderly conduct for "recklessly handl[ing] . . . a dangerous instrument" with intent to disturb the peace under A.R.S. § 13-2904(A)(6), but denied the requested misdemeanor instruction under A.R.S. § 13-2904(A)(1) on the ground it was not a lesser-included offense of aggravated assault. Whether a crime is a lesser-included offense is a legal question

3

subject to de novo review. *State v. Cheramie*, 218 Ariz. 447, 448, ¶¶ 6–8, 189 P.3d 374, 375 (2008).

¶7        The superior court did not err in not giving the requested misdemeanor disorderly conduct jury instruction. "To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983). Reasonable apprehension aggravated assault, as charged in this case, has as its elements: (1) intentionally placing a person in reasonable apprehension of imminent physical injury by (2) use of a dangerous instrument. A.R.S. §§ 13-1203(A)(2), 13-1204(A)(2). Misdemeanor disorderly conduct has as its elements: (1) intentionally or knowingly disturbing a person's peace or quiet by (2) engaging in fighting, violent or seriously disruptive behavior. A.R.S. § 13-2904(A)(1). It is possible to commit reasonable apprehension aggravated assault without committing misdemeanor disorderly conduct; use of a dangerous instrument does not necessarily involve fighting, violent or seriously disruptive behavior. *Cf. State v. Angle*, 149 Ariz. 478, 479, 720 P.2d 79, 80 (1986) (adopting dissenting opinion in *State v. Angle*, 149 Ariz. 499, 720 P.2d 100 (App. 1985), holding that A.R.S. § 13-2904(A)(6) was a lesser-included offense of reasonable apprehension aggravated assault under the facts of that case). Accordingly, the court did not abuse its discretion in declining to give the requested instruction.

¶8        Finding no error, Estrada-Resendiz's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

4