NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT CHARLES CRONAN, *Appellant*.

No. 1 CA-CR 18-0035
FILED 12-6-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201601271
The Honorable Richard D. Lambert, Judge
The Honorable Steven F. Conn, Judge (Retired)

**AFFIRMED IN PART, VACATED IN PART AND REMANDED**

COUNSEL

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**T H U M M A**, Chief Judge:

¶1        This is a criminal case in which the State of Arizona agrees that defendant's conviction for possession of dangerous drugs for sale (Count 1) is a lesser-included offense of his conviction for transportation of dangerous drugs for sale (Count 2) and should be vacated.

¶2        After a jury trial, Robert Charles Cronan was found guilty of Counts 1 and 2, as well as possession of drug paraphernalia (Count 3), for possessing methamphetamine in the truck that he was driving. After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Cronan admitted to selling methamphetamine. The superior court imposed concurrent prison sentences of five years for Counts 1 and 2 and one year for Count 3, with appropriate presentence incarceration credit. This court has jurisdiction over Cronan's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(2018).

¶3        Cronan argues that, on the facts of this case, his conviction for possession of dangerous drugs for sale (Count 1) is a lesser-included offense of his conviction for transportation of dangerous drugs for sale (Count 2). As a result, Cronan argues, his convictions and sentences for both violate his constitutional protection against double jeopardy, and his conviction and resulting sentence for Count 1 should be vacated. The State concedes the point, concluding that "Cronan's conviction and sentence for the lesser-included Count One should be vacated." *See also State v. Cheramie*, 218 Ariz. 447, 449 ¶ 11 (2008) ("Given Arizona's broad definition of 'possess,' we cannot conceive how a person can 'transport' drugs without having possession of or dominion or control over them."); *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 363 ¶ 13 (App. 1998) ("Given the broad definition of 'possess,' when a possession for sale charge is incidental to a transportation for sale charge, the former is a lesser-included offense, for one cannot possibly be guilty of the transportation for sale charge without also being guilty of the possession for sale charge.").

**¶4** Having considered the parties' briefs and the relevant portions of the record, this court accepts the State's confession of error. As a result, (1) Cronan's conviction and sentence for Count 1 are vacated and (2) Cronan's convictions and sentences for Counts 2 and 3 are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA