NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GEORGE M. REED, *Appellant.*

No. 1 CA-CR 19-0701

FILED 03-30-2021

Appeal from the Superior Court in Maricopa County
No. CR2016-005718-001
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

The Law Office of Kyle T. Green, Tempe
By Kyle T. Green
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

_____

**C A T T A N I**, Judge:

¶1        George M. Reed appeals his conviction and sentence for sale or transportation of narcotic drugs (heroin), a class 2 felony.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2016, detectives from the Arizona Department of Public Safety and Phoenix Police Department conducted a year-long investigation of illegal drug activity at an apartment complex.  Undercover detectives identified and began using Eddie Flores, who lived at the complex, as a "middleman" to procure drugs from others in the complex.

¶3        In July 2016, detectives met Flores outside of the apartment he shared with Reed and asked to buy a quarter ounce of heroin. Flores telephoned someone to obtain the drugs, and a short time later, Reed arrived and walked into the apartment.  Flores followed Reed into the apartment.  A few minutes later, Flores returned and delivered a bag of heroin to the detectives.  The detectives gave Flores an extra $10 for arranging the deal.

¶4        In August 2016, a detective sent a text message to Flores saying he had a friend who wanted to purchase "a ball from OG Reed." The detective later testified that "ball" meant 3.5 grams of heroin and that "OG Reed" was Reed's nickname.  Later that day, detectives met Flores at the apartment complex, and Flores told them they could meet Reed at another location to get the heroin.  Flores then made a phone call to Reed, and the detectives heard Flores tell him "they just picked me up," then ask Reed if he wanted to meet at a gas station.  The detectives recorded the call.

¶5        The detectives drove Flores to the gas station and waited in the parking lot.  While they were waiting for Reed, the detectives gave Flores $175 for the heroin.  Reed eventually pulled up in a van, and Flores walked over to the van and got in the front passenger seat.  Flores then returned to the detectives' car with a small plastic bag containing heroin.

**¶6** The State charged Reed, as a principal or an accomplice, with two counts of sale or transportation of narcotic drugs—the first count for the July 2016 sale and the second count for the August 2016 sale. The jury acquitted Reed of the first count but convicted him of the second count. The superior court sentenced Reed as a repetitive offender on felony release at the time of the offense to 14 years' imprisonment. *See* A.R.S. §§ 13-703(J), -708(D).

**¶7** Reed appealed, and we have jurisdiction under A.R.S. § 13-4033(A)(1).

## DISCUSSION

### I. Sufficiency of the Evidence.

**¶8** Reed argues that the evidence did not support his conviction, asserting that the State did not establish that he intended to sell drugs to the detectives. We determine de novo whether the evidence supports a conviction, viewing the facts in the light most favorable to sustaining the verdict. *State v. Burns*, 237 Ariz. 1, 20, ¶ 72 (2015).

**¶9** We review this type of claim by assessing whether substantial evidence supports the jury's findings. *State v. Tison*, 129 Ariz. 546, 552 (1981). Evidence is substantial if reasonable jurors could conclude that it supports a finding of guilt beyond a reasonable doubt. *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011).

**¶10** To convict Reed, the State had to prove that he knowingly transported for sale, offered to transport for sale, sold, transferred, or offered to sell or transfer a narcotic drug or was an accomplice in such a transaction. A.R.S. §§ 13-3408(A)(7), -303(A)(3). An accomplice is someone who intendeds to aid or counsel another person in planning or committing an offense or "[p]rovides means or opportunity to another person to commit the offense." A.R.S. § 13-301(2), (3). Generally, criminal intent is shown by circumstantial evidence because it reflects a defendant's "state of mind," *State v. Bearup*, 221 Ariz. 163, 167, ¶ 16 (2009) (quoting *State v. Routhier*, 137 Ariz. 90, 99 (1983)), and we do not distinguish "between the probative value of direct and circumstantial evidence" in assessing the defendant's state of mind. *See State v. Bible*, 175 Ariz. 549, 560 n.1 (1993).

**¶11** Reed does not challenge the State's evidence showing that Flores sold heroin to the detectives or that he provided heroin to Flores. He instead argues that (1) the State did not present evidence that he knew Flores would sell the heroin to the detectives or that he intended to aide

3

Flores in the sale of the heroin, and (2) his sale or transfer of drugs to Flores was a discrete transaction different from Flores's sale to the detectives.

¶12        Both of Reed's arguments fail because the State proffered evidence that Reed and Flores were accomplices selling heroin to the detectives.   First, the quantity of drugs involved in the transaction permitted the jury to infer Reed's knowledge of Flores's sale to the detectives.   And Flores contacted Reed after a detective texted Flores and asked to buy drugs from "OG Reed."   The detective testified that he told Flores he wanted to buy heroin from Reed because Reed was someone he could trust, further explaining at trial that he "always ask[ed] for a large quantity of heroin in order to find out who the main dealer was in the complex."   The detective's requested quantity of heroin matched the amount Reed gave Flores, and the jury could reasonably infer that Reed knew that Flores was not intending to keep the heroin for his personal use based on the quantity involved.   *See, e.g.*, *State v. Cheramie*, 218 Ariz. 447, 450, ¶ 18 (2008); *State v. Arce*, 107 Ariz. 156, 161–62 (1971).

¶13        Additionally, Flores's transactions were directly traceable to Reed.   Although each transfer was arguably a discrete event, Reed was involved in the overall transaction with the detectives.   *See, e.g.*, *State v Brown*, 217 Ariz. 617, 620–21, ¶ 10 (App. 2008).   After Flores told the detectives they could meet Reed somewhere else to get the heroin, Flores called Reed, telling him that "they just picked me up," and that they would meet him at a convenience store.   Once Reed arrived, Flores approached Reed's van, and Reed gave him the heroin.   Flores later told the detectives that if Reed "didn't like something, he would have driven off," but he did not do so, and one of the detectives testified that he looked at Reed, the driver and only occupant of the van, for a few seconds before Reed left the parking lot.   And finally, although the jurors acquitted Reed of the charge relating to the July sale, they heard evidence of his involvement in that sale. The acquittal did not prevent the jury from considering this other-act evidence because it was properly admitted under a lesser standard of proof than that required for conviction of the offense.   *Cf. State v. Yonkman*, 233 Ariz. 369, 374, ¶ 15 (App. 2013).

¶14        Based on this evidence, a reasonable juror could infer that Reed promoted or facilitated the August 2016 transaction or provided the means for its occurrence.   *See, e.g.*, *Cheramie*, 218 Ariz. at 450, ¶ 18; *see also* *State v. McNair*, 141 Ariz. 475, 480–81 (1984) (noting that a jury can infer criminal intent from the relationship of the parties and their conduct before the crime occurred).   Accordingly, Reed's conviction is supported by substantial evidence.

## II.   Alleged Due-Process Violations Under A.R.S. § 13-303(A)(3).

¶15     For the first time on appeal, Reed argues that he was convicted "under a natural and probable or reasonably foreseeable consequence theory" and that his conviction on that basis violates due process.  Reed asserts that (1) a jury instruction on the natural and probable or reasonably foreseeable consequences doctrine allowed the jurors to apply a lesser mens rea in convicting him as an accomplice than the mens rea required for a principal, and (2) the language describing the reasonably foreseeable consequences doctrine in A.R.S. § 13-303(A)(3), which the jury instruction tracked, is unconstitutionally vague.  Because Reed did not object at trial, we review this issue only for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140, 142, ¶¶ 12, 21 (2018).

¶16     Section 13-303(A)(3) imposes criminal liability for the actions of another person if the defendant is an accomplice to the other's offense, and it extends accomplice liability to "include[] any offense that is a natural and probable or reasonably foreseeable consequence of the offense for which the person was an accomplice."  But here, Reed was not convicted under the reasonably foreseeable consequences theory of liability.  As discussed above, substantial evidence that established Reed was Flores's accomplice in the sale or transportation of a narcotic drug.  The prosecutor never argued to the jurors that Reed was guilty under the reasonably foreseeable consequences doctrine, and there was no other offense of which the sale to the detectives was a reasonably foreseeable consequence.  Instead, Reed's conduct in selling heroin to the detectives constituted "the offense for which [Reed] was an accomplice."  *See State v. Lee*, 236 Ariz. 377, 382, ¶ 16 (App. 2014).  Because Reed was convicted as an accomplice of Flores in the commission of the drug offense itself (not of some other offense resulting in the drug offense, or vice versa), the challenged aspect of the statute was not at issue, and we need not address his remaining arguments challenging its constitutionality.

## CONCLUSION

¶17     For the foregoing reasons, we affirm Reed's conviction and sentence.