NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

v.

TIMOTHY WHITE,
*Appellant.*

No. 1 CA-CR 21-0519
FILED 12-01-2022

Appeal from the Superior Court in Navajo County
No. S0900CR201900439
The Honorable Dale P. Nielson, Judge

**VACATED IN PART, AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Weagant Law Offices, PLC, Florence
By Megan Weagant
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

W E I N Z W E I G, Judge:

¶1             Timothy White appeals his convictions and sentences for transportation and possession of a dangerous drug for sale. White's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), avowing that she searched the record and found no non-frivolous issues for appeal. White filed a supplemental pro se brief. Finding a double jeopardy violation, we vacate White's conviction and sentence for possession of a dangerous drug for sale. We affirm the rest.

## FACTS AND PROCEDURAL BACKGROUND

¶2             A police officer observed a maroon vehicle driving on I-40 in May 2019, and determined that its registration had expired. The officer activated his siren and overhead lights to conduct a traffic stop. He then noticed "almost frantic[]" movement in the vehicle's back seat.

¶3             After the vehicle stopped, the officer told the driver that the vehicle's registration had expired in 2013, but the driver pointed to a temporary tag on the inside rear window. By that time, the officer had noticed a package on the rear passenger floorboard, which resembled a package of drugs. White was in the backseat in a "fairly awkward" pose, extending one leg as though trying to hide the package. Socks and other garments had also been placed to hide the package. The officer then spotted a second package between the driver's seat and door frame. Both the driver and White were detained. Lab results confirmed the packages held about three ounces of methamphetamine.

¶4             White was charged with two felonies: transportation of a dangerous drug for sale, and possession of a dangerous drug for sale. Before trial, defense counsel moved unsuccessfully to suppress evidence recovered in the vehicle. At trial, the superior court instructed the jury that possession of a dangerous drug for sale was the lesser-included offense to transportation of a dangerous drug for sale. White was convicted of transportation of a dangerous drug.

**¶5** At the sentencing hearing, the superior court orally advised White he had been convicted of a single felony—transportation of a dangerous drug—and imposed a slightly mitigated prison sentence of eight years. But the court's minute entry found White guilty of "possession of a dangerous drug for sale," and imposed an additional eight-year prison sentence to run concurrently with the first. White timely appealed, and we have jurisdiction. *See* Ariz. Const., art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶6** White's counsel avowed that she saw no meritorious issues for appeal, but we find reversible error after independently reviewing the record. *See Leon*, 104 Ariz. at 300.

**¶7** Aside from a written error described below, the record reflects that the superior court afforded White all his constitutional and statutory rights, and the proceedings were conducted in accordance with the rules of criminal procedure. White was represented by counsel at all critical stages of the proceedings, and he had notice of the proceedings. White did not appear for his jury trial. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support a guilty verdict on the charge for transportation of a dangerous drug. White's sentence for transportation of a dangerous drug fell within the range prescribed by law.

### I. Double Jeopardy

**¶8** In its sentencing order, however, the superior court erroneously stated that White had been found guilty of *both* transportation and possession of a dangerous drug for sale. The court then sentenced White to eight additional years in prison on the possession count, to be served concurrently. That was error. The jury did not convict White of the felony charge of possession. Indeed, the court instructed the jury to leave the possession box blank if they found White guilty of transportation because possession is a lesser-included offense of transportation. *See State v. Cheramie*, 218 Ariz. 447, 448, ¶ 9 (2008) ("To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one.").

**¶9** The written order also conflicts with the superior court's oral pronouncement at the sentencing hearing, which properly advised White that he was only found guilty of the transportation count. "When a

discrepancy between the trial court's oral pronouncement of a sentence and the written minute entry can be clearly resolved by looking at the record, the oral pronouncement in open court controls over the minute entry." *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (cleaned up). As a result, we vacate White's conviction and sentence for possession of a dangerous drug for sale, the lesser-included offense.

## II. White's Arguments

¶10 White filed a pro se supplemental brief, arguing ineffective assistance of counsel. But "ineffective assistance of counsel claims are to be brought in Rule 32 proceedings," and "will not be addressed by appellate courts [on direct appeal,] regardless of merit." *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

¶11 White also argues the superior court erroneously denied his motion to suppress, which we review "for [an] abuse of discretion if it involves a discretionary issue." *State v. Gay*, 214 Ariz. 214, 217, ¶ 4 (App. 2007) (citation omitted). We consider only the evidence presented at the suppression hearing, viewing it in the light most favorable to sustaining the trial court's ruling, *id.*, while "accord[ing] deference to a trained law enforcement officer's ability to distinguish between innocent and suspicious actions," *State v. Majalca*, 251 Ariz. 325, 331, ¶ 20 (App. 2021).

¶12 We discern no error. The officer had reasonable suspicion to stop the vehicle based on expired registration. The officer then saw the suspicious package in plain view, which was located near White. The package and White's attempts to conceal it led the officer to reasonably suspect a drug-related offense. *See State v. Teagle*, 217 Ariz. 17, 23, ¶ 22 (App. 2007) (prolonged traffic stop justified even after the driver shows valid registration if, during the stop, the officer gains a "reasonable and articulable suspicion" that criminal activity is afoot) (citation omitted); *State v. Sumter*, 24 Ariz. App. 131, 135 (1975) (extended vehicle search justified when, in addition to other factors, officer saw fresh thumbprints on a dusty car trunk and the suspect acted suspiciously and evasively).

## CONCLUSION

¶13 We affirm White's conviction and sentence for transportation of a dangerous substance (count one), but vacate his conviction and sentence for possession of a dangerous drug for sale (count two), and direct the superior court to correct its sentencing order. *See* Ariz. R. Crim. P. 31.19(c); *Ovante*, 231 Ariz. at 188, ¶ 38 ("This Court can order the minute entry corrected if the record clearly identifies the intended sentence.").

**¶14** Defense counsel's obligations in this appeal will end once counsel informs White of the outcome and his future options, unless counsel finds an issue appropriate for the Arizona Supreme Court's review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, White has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.

