529 P.2d 1218

**The STATE of Arizona, Appellee,**

v.

**Paul VILLARREAL,. Appellant.**

**No. 2 CA–CR 408.**

Court of Appeals of Arizona,
Division 2.

Jan. 9, 1975.

————◆————

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, former Atty. Gen. by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Wolfram & Trujillo by Richard J. Trujillo, Phoenix, for appellant.

OPINION

KRUCKER, Judge.

Appellant was convicted of obstructing justice, a misdemeanor, and sentenced to thirty days in jail and probation for a period of one year.

Construing the record most favorably to sustaining the judgment, State v. Curtis, 10 Ariz.App. 38, 455 P.2d 988 (1969), the facts are as follows. Police Officer Gomez of the Mammoth, Arizona, Police Department, believing that one David Sims might be responsible for the disappearance of certain musical instruments due to Sims' proximity in location and time to the missing instruments, proceeded to search for Sims and his car. Gomez located Sims' car parked next to a house trailer, along with a group of other cars similarly located in the immediate vicinity of the house trailer.[1] Gomez, accompanied by another police officer, parked approximately five feet from Sims' car. Upon exiting from his car, Gomez approached Sims' vehicle, shined his flashlight into the car by way of the rear window and observed a sound amplifier on the back seat. Thereafter the Mammoth Chief of Police arrived and, upon approaching the trailer, was attacked by appellant, who was already involved in a discussion with the police officers.

A pre-trial hearing was held to determine whether the police had probable cause to arrest Sims. Appellant asserted that the initial examination of the Sims' car was the sole basis upon which to establish probable cause to arrest and that the examination of the car and observation of the amplifier constituted an illegal search and seizure. Therefore, because there was no probable cause to arrest Sims, appellant was entitled to assist Sims in resisting arrest, citing Platt v. Greenwood, 50 Ariz. 158, 69 P.2d 1032 (1937), and State v. DeRoss, 9 Ariz. App. 497, 454 P.2d 167 (1969).

1. The record discloses that this was one of a group of individually-occupied house trailers located on a dirt road adjacent to a public highway. There were no fences surrounding the trailers, nor were the cars within an area which was in any way restricted from common use. The testimony further indicates that it was not uncommon to have several cars parked in this particular area in front of and to the side of the trailer.

The trial court found there was probable cause to arrest Sims. Subsequently, counsel for appellant did not object to the court's jury instructions and no instruction was requested as to the right to assist a person resisting an unlawful arrest.

Appellant contends on appeal that the trial court should have ruled as a matter of law that Sims was illegally arrested because the probable cause to arrest was obtained by an illegal search of Sims' car by Officer Gomez. Appellant concludes that had this finding been made, the appellant would have been entitled to an instruction concerning the right to assist another who is resisting an unlawful arrest.

For the following reason we find there is no merit to appellant's position. The flaw in his argument is the assertion that the observation of the amplifier in Sims' car constituted an unlawful search. The facts disclose that the police parked their cars in an area which was open to public use. Observations made by the police in such area is not an unconstitutional invasion of privacy because the acknowledged common use negates any reasonable expectancy of privacy. Cf., Lorenzana v. Superior Court of Los Angeles County, 9 Cal.3d 626, 634, 108 Cal.Rptr. 585, 591, 511 P.2d 33, 39 (1973). It therefore follows that Officer Gomez' observation of the contents of Sims' car reasonably falls within the ambit of the "plain view" doctrine. Cf., Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067 (1968); *see also*, Annot., 26 L. Ed.2d 893 (1969).

The trial court having properly ruled on the issue of probable cause, appellant was not entitled to any additional instruction.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.