NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GREGORY KEITH JONES, *Petitioner*.

No. 1 CA-CR 13-0216 PRPC

FILED 09-04-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2008-122125-001
The Honorable James T. Blomo, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gregory Keith Jones, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson, Chief Judge Diane M. Johnsen and
Judge Kenton D. Jones delivered the following decision.

**PER CURIAM**:

¶1        Petitioner Gregory Keith Jones petitions for review of the dismissal of his petition for post-conviction relief.  Presiding Judge Jon W. Thompson, Chief Judge Diane M. Johnsen and Judge Kenton D. Jones have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury convicted Jones of four counts of possession of narcotic drugs for sale, three counts of possession of dangerous drugs for sale, and one count each of possession of drug paraphernalia, money laundering, and illegal control of an enterprise.  The trial court sentenced Jones to one year imprisonment for possession of drug paraphernalia and concurrent terms of life imprisonment for all remaining counts.  We affirmed Jones's convictions and sentences on direct appeal.  *State v. Jones*, 1 CA-CR 10-0031, 2011 WL 6287925 (Ariz. App. Dec. 15, 2011) (mem. decision).  Jones filed a petition for post-conviction relief (PCR), as a self-represented litigant, after his counsel found no colorable claims for relief.  The trial court denied his PCR, and Jones sought review.[1]  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        We will uphold a trial court's denial of a petition for post-conviction relief absent an abuse of discretion or an error of law.  *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).  In his petition for review, Jones raises three issues: (1) law enforcement officials

---

[1] Jones filed his PCR in June 2012.  Following the filing of response and reply memoranda, on October 3, 2012, Jones's PCR was assigned to his sentencing judge.  On December 31, 2012, before a ruling was issued by the trial court, Jones filed a "Petition for Review and Ruling" in our supreme court, requesting it to rule on his outstanding PCR and outlining the issues he had raised in the PCR.  On January 14, 2013, the trial court issued its ruling denying Jones's PCR.  Thereafter, in an order dated April 1, 2013, the supreme court declined jurisdiction of Jones's "Petition for Review and Ruling," and transferred the matter to this court.   Although Jones cannot be said to have filed a petition for review of the trial court's denial of his PCR, *per se,* as the trial court's decision had not yet issued when Jones's "Petition for Review and Ruling" was filed with the supreme court, and given the convoluted procedural background of this matter, we elect to treat Jones's "Petition for Review and Ruling" as a petition for review of the trial court's denial of his PCR.

violated his right to privacy by placing a hidden surveillance camera in the hallway of a commercial storage facility to record Jones's movements; (2) the State failed to follow disclosure rules and introduced inadmissible, prejudicial testimony; and (3) both his trial and appellate counsel provided ineffective assistance of counsel.[2] As to the first two issues, we deny relief because Jones could have raised them on direct appeal. Any claim a defendant raised or could have raised on direct appeal is precluded, Ariz. R. Crim. P. 32.2(a)(1), and none of the exceptions under Rule 32.2(b) apply in this instance.[3]

**¶4** As to Jones's third presented issue, that both trial and appellate counsel were ineffective, we also deny relief. To present a colorable claim of ineffective assistance of counsel, a defendant must satisfy two prongs: (1) defense counsel's performance fell below objectively reasonable standards; and (2) the deficient performance of counsel prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, a defendant must establish there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Given the procedural oddity of this case, we consider the arguments Jones presented in both his PCR and petition for review as a whole.

**¶5** Jones argues trial counsel was ineffective for numerous reasons. First, Jones argues his trial counsel was ineffective for failing to call any character witnesses to support Jones's defense that he was a fundamentally good person. Defendants may present evidence of their character for being law abiding. *See State v. Sorensen*, 104 Ariz. 503, 506, 455 P.2d 981, 984 (1969). Here, Jones does not specify who should have been called as a character witness in his defense or what those witnesses would have testified to. Moreover, Jones does not state how his counsel's decision was the result of "ineptitude, inexperience or lack of preparation," rather than a tactical decision. *See State v. Denz*, 232 Ariz.

---

[2] The petition for review requested the supreme court rule upon his PCR. As the supreme court remanded the case to this court, that issue is now moot.

[3] Jones's PCR contained an additional issue not found within his petition for review, which alleged the trial court erred by failing to rule on his motion(s) *in limine*. Even assuming he raised this issue in his petition for review, it could have been raised on direct appeal, and therefore would be precluded under Rule 32.2(a)(1).

441, 444, ¶ 7, 306 P.3d 98, 101 (App. 2013) (citations omitted); *see also* Ariz. R. Evid. 405(a) (stating that on cross-examination, a character witness may be asked about relevant specific instances of a defendant's conduct). Therefore, as to this ground, Jones has failed to assert a colorable claim for relief.

**¶6**        Jones next argues trial counsel was ineffective for failing to obtain and present financial records that would have mitigated the circumstantial evidence used to support his money laundering charge and could have also been used in the enhancement phase. Jones does not, however, specify the types of financial records trial counsel should have obtained or how the records would have mitigated the circumstantial evidence presented against him. This argument, without more, does not state a colorable claim for ineffective assistance of counsel.

**¶7**        Jones also argues trial counsel was ineffective because "he did not have discovery," was uninformed, and was inadequately prepared to cross-examine two of the State's witnesses. He does not, however, specify how trial counsel's discovery was deficient, let alone prejudicial to his case, or elaborate on the actions, or inactions, by trial counsel demonstrating a lack of preparedness. To the contrary, in denying Jones's PCR, the trial court specifically found that "defense counsel was prepared for trial, filed pre-trial motions, cross-examined the State's witnesses, and advocated strongly on behalf of the Defendant." *See State v. Wood*, 180 Ariz. 53, 61, 881 P.2d 1158, 1166 (noting that trial courts are in the best position to address claims of ineffective assistance of counsel "[b]ecause they are fact-intensive and often involve matters of trial tactics and strategy").

**¶8**        Jones also argues trial counsel was ineffective by not filing a motion to review the trial court's denial of his motion to suppress evidence obtained from the police surveillance camera placed inside the hallway of the commercial storage facility. In doing so, he does not state what additional arguments, or legal authority, his counsel should have advanced in the motion to review beyond those already presented to and considered by the trial court. Nor does he provide legal authority supporting his claim that the search, via video recording, of a common area of a storage facility; an area in which Jones cannot assert he possessed an expectation of privacy, was illegal. *See State v. Allen*, 216 Ariz. 320, 326, ¶ 23, 166 P.3d 111, 117 (App. 2007); *State v. Villarreal*, 23 Ariz. App. 9, 10, 529 P.2d 1218, 1219 (1975) (noting that "observations made by the police in [an area open to public use] is not an unconstitutional invasion of privacy . . . "). Suggesting that trial counsel should have filed a motion to review

the trial court's decision that advanced the same arguments raised in the first instance is insufficient to state a colorable claim for ineffective assistance of counsel.

¶9            Jones also argues trial counsel did not inform him the State had filed a serious drug offender allegation against him, which Jones asserts deprived him of the ability to make an informed decision on whether to accept a plea agreement. He does not, however, support the allegation with reasonable evidence demonstrating that, but for this error, the outcome would have been different. *Strickland*, 466 U.S. at 694. Jones does not say whether a plea agreement was offered to him following the State's filing of the allegation, the terms of any offered plea agreement, if one existed, or that, in light of the serious drug offender allegation, he would have agreed to a plea agreement if one was offered. *See State v. Donald*, 198 Ariz. 406, 413-14, ¶¶ 17, 20, 10 P.3d 1193, 1200-01 (App. 2000) (stating that for a defendant to obtain a hearing on ineffective assistance of counsel related to plea agreements, "a defendant must present more than a conclusory assertion that counsel failed to adequately communicate the plea offer or the consequences of conviction," "must provide specific factual allegations that, if true, would entitle him to relief," and also "must show a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer") (internal quotations omitted).

¶10            Instead, Jones argues he could prove the information was not relayed to him by way of examining trial counsel's co-counsel and secretary at an evidentiary hearing. He provided no further specifics regarding the facts he hoped to obtain from these individuals. Such is insufficient to state a colorable claim, as a defendant in a post-conviction relief action "should support such allegations by sworn statements or provide a satisfactory explanation of their absence." *Id.* at 413, ¶ 17, 10 P.3d at 1200. Further, within the memorandum decision affirming his convictions on direct appeal, which Jones included in an appendix to his petition for review, the court found specifically that Jones acknowledged in his opening brief that he knew of the serious drug offender allegation three months before trial. *Jones*, 1 CA-CR 10-0031, 2011 WL 6287925, at *7, ¶ 36. For these reasons, Jones has failed to state a colorable claim on this ground.

¶11            Finally, Jones argues his appellate counsel provided ineffective assistance on his direct appeal by not challenging the trial court's ruling that Jones's privacy interests were not violated by the police's video surveillance of a storage facility's common area. However, Jones does not advance any legal argument as to how this omission

prejudiced him. Nor does he provide any legal authority that would demonstrate the outcome of his appeal would have been different had counsel raised the privacy issue on appeal. Generally, "appellate counsel is not ineffective for selecting some issues and rejecting others," and Jones has not shown this particular issue was stronger than the issues raised by counsel in his direct appeal. *State v. Bennett*, 213 Ariz. 562, 567, ¶ 22, 146 P.3d 63, 68 (2006) (citations omitted). Thus, Jones has failed to state a colorable claim for relief on this ground.

**¶12** While the petition for review arguably presents additional issues, Jones did not raise those issues in the petition for post-conviction relief filed below. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *see* Ariz. R. Crim. P. 32.9(c)(1)(ii). Therefore, we do not address those issues.

**¶13** Accordingly, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh